DAVID BURNS ET AL. *v.* BOARD OF EDUCATION
OF THE CITY OF STAMFORD ET AL.
(14767)

PETERS, C. J., BERDON, NORCOTT, KATZ and PALMER, Js.

Argued January 11—decision released March 8, 1994

*Carolyn W. Alexander,* with whom was *Jennifer Cohen,* for the appellants (plaintiffs).

*Richard A. Robinson,* assistant corporation counsel, with whom, on the brief, were *Daniel McCabe,* corporation counsel, and *Kenneth B. Provodator,* assistant corporation counsel, for the appellees (defendants).

PETERS, C. J. The principal issue in this certified appeal is whether a school child may bring an action

for the negligent maintenance of public school grounds during school hours because he is one of a foreseeable class of victims and thus qualifies for an exception to the doctrine of governmental immunity. The plaintiffs, David Burns and his mother, Darlene Vrendburgh, as next friend, brought a four count action against the defendants, the superintendent of schools, William R. Papallo, the Stamford board of education and the city of Stamford, after David had been injured in a fall on an icy high school courtyard during school hours. The trial court rendered partial summary judgment in favor of the defendants on all counts sounding in negligence on the grounds that the alleged negligent acts were discretionary in nature and that no exception to the doctrine of governmental immunity encompassed such claims. The plaintiffs appealed that decision of the trial court to the Appellate Court, which affirmed, and we granted certification to appeal to this court. We reverse the judgment of the Appellate Court.

The decision of the Appellate Court recites the pertinent facts and procedural history. "On January 13, 1988, David, a student at West Hill High School in Stamford, was walking across the courtyard en route to his guidance counselor's office when he slipped and fell on a sheet of ice, fracturing his left elbow. The courtyard is the main access between the two buildings that comprise the high school. The area was not sanded or salted and no warnings had been issued to the students as to its condition. School policy under which the school custodians operated called for inspection of the entire area by the head custodian who would order sanding and salting as necessary.

"The gravamen of the fourth count of the complaint is that the defendant superintendent of schools was negligent in failing to ensure that the courtyard was properly salted and sanded and in failing to warn of the icy conditions existing in the courtyard. Counts one

and two, brought against the Stamford board of education and the city of Stamford, are derivative in nature.[1] The defendants filed a special defense of governmental immunity.

"The superintendent's affidavit, filed in conjunction with the motion for summary judgment, indicated that his duties as superintendent did not include the personal inspection of the grounds of the high school or verification that ice and snow conditions had been corrected. He stated that he did not visit the high school, was unaware of the icy conditions and did not instruct or encourage any student to use the courtyard on the day in question.

"The head custodian stated in a deposition that the decision of whether to salt and sand the premises was his to make and was not the superintendent's decision. The defendants filed a motion for partial summary judgment as to the negligence and derivative suit counts, arguing that the superintendent was protected under the doctrine of governmental immunity. The motion was granted." *Burns* v. *Board of Education,* 30 Conn. App. 594, 596–97, 621 A.2d 1350 (1993).

On the plaintiffs' appeal,[2] the Appellate Court held in relevant part that "[b]ecause there was no duty

---

[1] The third count against the city of Stamford and the board of education, sounding in nuisance, was not involved in this appeal.

[2] On appeal to the Appellate Court, the plaintiffs raised the following issues: "(1) Are the negligent acts alleged ministerial and thus not barred by governmental immunity? (2) Does the foreseeable victim exception to the doctrine of governmental immunity apply? (3) Is the doctrine of governmental immunity constitutional? (4) Does the doctrine violate public policy such that it should be overturned by judicial fiat?" *Burns* v. *Board of Education,* 30 Conn. App. 594, 597, 621 A.2d 1350 (1993). Only the second issue is before us on this certified appeal. *Burns* v. *Board of Education,* 225 Conn. 927, 625 A.2d 825 (1993).

We note further that on appeal to the Appellate Court, the plaintiffs did "not claim that a genuine issue of material fact existed on any of the counts on which summary judgment was granted." *Burns* v. *Board of Education,*

imposed on the superintendent to ensure that the court-
yard was sanded and salted, he was not negligent and,
therefore, he was entitled to summary judgment. . . .
[E]ven if the superintendent possessed a duty, the duty
was discretionary and fell within the ambit of the doc-
trine of governmental immunity. . . . Any duty to
sand and salt the courtyard in this case would affect,
not only David, but every member of the student popu-
lation at West Hill High School. [Because it] was not
apparent that the failure to salt and sand the high
school courtyard would be likely to subject David to
imminent harm . . . the trial court properly deter-
mined that the doctrine of governmental immunity
applied and that the foreseeable victim exception was
inapplicable. Thus, summary judgment was proper."
Id., 598–601.

We granted the plaintiffs certification to appeal
limited to the following question: "Whether there is
a 'foreseeable class of victim' exception to the govern-
mental immunity doctrine which would include students
allegedly the victims of improper school maintenance?"
*Burns* v. *Board of Education*, 225 Conn. 927, 625 A.2d
825 (1993). We answer this question in the affirmative
and, in the circumstances alleged by the pleadings in
this case, reverse the judgment of the Appellate Court.[3]

supra, 30 Conn. App. 597. The dispositive issue before the Appellate Court,
therefore, was whether the defendants had been entitled to judgment as
a matter of law. Id.; see Practice Book § 384; *West Haven* v. *Hartford Ins.
Co.*, 221 Conn. 149, 155, 602 A.2d 988 (1992). Our review is similarly limited
to the legal question before us; for purposes of our disposition of this appeal,
no issues of material fact are in dispute.

[3] As noted previously, although the trial court granted summary judg-
ment on counts one, two and four of the complaint, it did not render judg-
ment on count three, sounding in nuisance, brought against the city and
the board of education. On this state of the record, we have a reviewable
final judgment only with respect to the partial summary judgment that was
rendered, on all counts, in favor of the superintendent of schools. Practice
Book § 4002 (a).

The doctrines that determine the tort liability of municipal employees are well established. Although municipalities are generally immune from liability in tort, municipal employees historically were personally liable for their own tortious conduct. *Evon* v. *Andrews,* 211 Conn. 501, 505, 559 A.2d 1131 (1989); *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 165, 544 A.2d 1185 (1988). The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. " '[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word "ministerial" "refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." . . .' " (Citations omitted.) *Evon* v. *Andrews,* supra, 211 Conn. 505.

The plaintiffs acknowledge that any duty owed by the defendant superintendent to the plaintiff child was discretionary in nature. To succeed in their claim of liability, therefore, they must be entitled to recover within one of the exceptions to a municipal employee's qualified immunity for discretionary acts. Our cases recognize three such exceptions: "first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Citations omitted.) Id.

The only exception to the qualified immunity of a municipal employee for discretionary acts that is of relevance to the present case is the exception permitting

a tort action in circumstances of perceptible imminent harm to an identifiable person.[4] We have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims. See *Sestito* v. *Groton,* 178 Conn. 520, 527–28, 423 A.2d 165 (1979). The plaintiffs contend that the plaintiff school child was a member of a foreseeable class of victims to whom the superintendent owed a special duty of care and, thus, the defense of governmental immunity should not lie. We agree.

The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide. *Shore* v. *Stonington,* 187 Conn. 147, 151, 444 A.2d 1379 (1982); *Coburn* v. *Lenox Homes, Inc.,* 186 Conn. 370, 375, 441 A.2d 620 (1982). "A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a 'special relationship' between the plaintiff and the defendant. See W. Prosser, Torts § 56 (4th ed. 1971)." *Irwin* v. *Ware,* 392 Mass. 745, 756, 467 N.E.2d 1292 (1984); *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 12, 347 A.2d 102 (1974). " 'A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act.' *Coburn* v. *Lenox Homes, Inc.,* [supra, 375]." *Calderwood* v. *Bender,* 189 Conn. 580, 584, 457 A.2d 313 (1983).

---

[4] The trial court and the Appellate Court both characterized the duty owed by the superintendent of schools, by virtue of his statutory mandate, as being public in nature. Because this characterization has not been challenged by the parties in this appeal, we do not consider the parallel analysis of governmental immunity that involves the question of whether the duty imposed upon the municipal official is public or private in nature (the public duty doctrine). See *Shore* v. *Stonington,* 187 Conn. 147, 152–53, 444 A.2d 1379 (1982).

"The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . ." (Citations omitted; internal quotation marks omitted.) *Frankovitch* v. *Burton*, 185 Conn. 14, 20–21, 440 A.2d 254 (1981). "Foreseeability" in this context is a flexible concept, and may be supported by reasonable reliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors. See *Irwin* v. *Ware*, supra, 392 Mass. 756. Moreover, just as the doctrine of governmental immunity and its exceptions are the product of the policy considerations that aid the law in determining whether the interests of a particular type are entitled to protection; *Shore* v. *Stonington*, supra, 187 Conn. 152–53; so may evolving expectations of a maturing society change the harm that may reasonably be considered foreseeable. *Irwin* v. *Ware*, supra, 756–57.

In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim. E.g., *Evon* v. *Andrews*, supra, 211 Conn. 507–508. Other courts, in carving out similar exceptions to their respective doctrines of governmental immunity, have also considered whether the legislature specifically designated an identifiable subclass as the intended beneficiaries of certain acts; see, e.g., *Halvorson* v. *Dahl*, 89 Wash. 2d 673, 676, 574 P.2d 1190 (1978); whether the relationship was of a voluntary nature; *McLeod* v. *Grant County School District*, 42 Wash. 2d 316, 319, 255 P.2d 360 (1953); the seriousness of the injury threatened; *Irwin* v. *Ware*, supra, 392 Mass. 756; the duration of the threat of injury; id.; and whether the

persons at risk had the opportunity to protect themselves from harm. Id.

Applying these factors to the circumstances of this case, we note that statutory and constitutional mandates demonstrate that school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care. Statutes describe the responsibilities of school boards and superintendents to maintain and care for property used for school purposes.[5] The supervisory responsibilities of the superintendent of schools are not automatically abrogated by the designation of a head custodian to undertake immediate responsibility for the salting and sanding of the school campus on any particular day.[6]

---

[5] General Statutes § 10-220 provides in relevant part: "DUTIES OF BOARDS OF EDUCATION. (a) Each local or regional board of education shall maintain good public elementary and secondary schools . . . shall have the care, maintenance and operation of buildings, lands, apparatus and other property used for school purposes . . . shall cause each child seven years of age and over and under sixteen living in the school district to attend school in accordance with the provisions of section 10-184, and shall perform all acts required of it by the town or necessary to carry into effect the powers and duties imposed by law."

General Statutes § 10-157 provides in relevant part: "SUPERINTENDENTS: RELATIONSHIP TO LOCAL OR REGIONAL BOARD OF EDUCATION; VERIFICATION OF CERTIFICATION STATUS; WRITTEN CONTRACT OF EMPLOYMENT; EVALUATION OF SUPERINTENDENT BY BOARD OF EDUCATION. (a) Any local or regional board of education shall provide for the supervision of the schools under its control by a superintendent who shall serve as the *chief executive officer of the board.* The superintendent shall have executive authority over the school system and the *responsibility for its supervision.* Employment of a superintendent shall be by election of the board of education. . . . Such superintendent shall, at least three weeks before the annual town or regional school district meeting, submit to the board a full written report of the proceedings of such board and *of the condition of the several schools* during the school year preceding, with plans and suggestions for their improvement. . . ." (Emphasis added.)

[6] The head custodian was not made a party to this action, nor were any of the thirteen custodians employed under his supervision. The plaintiffs argue that, even after discovery was complete, the particular custodian responsible for the area in question was not identifiable. In this regard, the parties' briefs raise the issue of whether the superintendent of schools

Statutes also describe the responsibilities of school children to attend school. The presence of the plaintiff child on the school premises where he was injured was not voluntary. As a fourteen year old at the time of the accident, he was statutorily compelled to attend school and to obey school rules and discipline formulated and enforced pursuant to statute.[7] His corresponding entitlement to a public education has constitutional underpinnings in this state.[8]

The result of this network of statutory and constitutional provisions is that the superintendent of schools bears the responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care. At least during school hours on school days, when parents are statutorily compelled to relinquish protective custody of their children to a school board and its employees, the superintendent has the duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated. See, e.g., *McLeod* v. *Grant*

could be vicariously liable for the ministerial acts of the head custodian, or his delegee, whose immediate duty it was to sand and salt the icy courtyard. See, e.g., *Kolaniak* v. *Board of Education*, 28 Conn. App. 277, 610 A.2d 193 (1992) (in action against head of maintenance and supervisor of night custodial staff of public high school, clearing of snow and ice on sidewalk was held to be ministerial function not afforded protection of governmental immunity). We decline, however, to review this claim because it reaches, unnecessarily, beyond the scope of the certified question.

[7] General Statutes § 10-184 provides in relevant part: "DUTIES OF PARENTS. . . . Each parent or other person having control of a child seven years of age and over and under sixteen years of age shall cause such child to attend a public day school regularly during the hours and terms the public school in the district wherein such child resides is in session, or while the school is in session in which provision for the instruction of such child is made according to law." See also General Statutes § 10-220, footnote 5, regarding duty of the school board to compel attendance of school children between seven and sixteen years of age.

[8] Article eighth, § 1, of the Connecticut constitution provides: "There shall always be free public elementary and secondary schools in the state. The general assembly shall implement this principle by appropriate legislation."

*County School District,* supra, 42 Wash. 2d 319–20. As a matter of policy, this conclusion comports with our case law that has traditionally recognized that children require special consideration when dangerous conditions are involved. *Neal* v. *Shiels, Inc.,* supra, 166 Conn. 11–12.

In this case, the plaintiff school child slipped and fell due to icy conditions on a main accessway of the school campus, during school hours, while the child was compelled by statute to be on those school grounds. Unlike the incident in *Evon* v. *Andrews,* supra, 211 Conn. 501, this accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly "treacherous" area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable. Under these circumstances, we conclude that the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense.

The defendant superintendent argues, however, that "[i]t is not enough to be in a class of foreseeable victims, [rather,] the plaintiff as an individual must be a foreseeable victim." The defendant cites *Heigl* v. *Board of Education,* 218 Conn. 1, 8, 587 A.2d 423 (1991), for the proposition that the plaintiff must prove that he was affected in a manner different from other members of the public at large, which in this case included the rest of the student body or others visiting the school, to qualify as a foreseeable victim. This argument, however, misconstrues *Heigl,* which turned on the public/private duty distinction of the public duty doctrine. The *Heigl* analysis never reached the foreseeable class of victim exception to governmental immunity, which applies irrespective of whether the official's

duty is technically public or private in nature. See *Shore* v. *Stonington,* supra, 187 Conn. 152–53.

The decision of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the trial court's order of partial summary judgment and to remand the case to the trial court for further proceedings not inconsistent with this opinion.

In this opinion the other justices concurred.