[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
This action seeks compensation for personal injuries sustained by the minor plaintiff, "Vincent Bongiovanni, at one of the elementary schools in Greenwich. The minor plaintiffs mother, Danielle Bongiovanni, is also a named plaintiff, and the defendant is the Board of Education of the Town of Greenwich (Board of Education). According to the plaintiffs, the minor plaintiff, who was approximately one and a half years old at the time of the incident, was inside the New Lebanon School accompanied by Melanie Smoleski, his babysitter, who went to the school to pick up her own child, a student at New Lebanon. The plaintiffs allege that the minor plaintiff Vincent's thumb got stuck beneath a door which had a sharp metal edge, resulting in the amputation of a portion of his thumb. The Board of Education filed a motion to add Smoleski as a third party defendant, on the basis that her negligence was the reason the child was injured, and she should therefore indemnify the Board of Education if it was found to be liable to the plaintiffs.
The complaint contains two counts. In the first count, the plaintiffs allege that the minor plaintiff's injuries were caused by the negligence of the defendant Board of Education in failing to properly maintain a school building in violation of General Statutes § 10-220. The second count is on behalf of Danielle Bongiovanni for medical and hospital expenses incurred in caring for the minor plaintiff. The Board of Education agrees that it had a duty to maintain the school building in question pursuant to General Statutes § 10-220, but contends in a special defense that it was immune from liability because of sovereign or governmental immunity. The defendant filed a motion (#130) for summary judgment on the ground that it is immune from negligence because in maintaining a school building it was performing a governmental duty for the public benefit.
"[S]ummary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [Wadia Enterprises v. Hirschfeld],224 Conn. 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. [Hammer v. Lumberman'sMutual Casualty Co.], 214 Conn. 573, 578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting [State v. Groggin], 208 Conn. 606, 616,546 A.2d 250 (1988). The moving party in a summary judgment motion "has the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Citations and internal quotation marks omitted). [Suarez v. Dickmont Plastics Corp.],229 Conn. 99, 105, ___ A.2d ___ (1994). In deciding such a motion, CT Page 4632 the court must view the evidence in the light most favorable to the nonmoving party. [Connecticut Bank Trust Co. v. Carriage LaneAssociates], 219 Conn. 772, 780-81, 595 A.2d 334 (1991). "In ruling on a motion for summary judgment, the trial court's function is not to decide issues of material fact, but rather to decide whether any such issues exist." (Citations and internal quotation marks omitted.) [Dolnack v. Metro-North Commuter Railroad Co.], 33 Conn. App. 832,838, ___ A.2d ___ (1994).
The first issue in deciding this motion for summary judgment is whether the Supreme Court's decision last month in [Burns v. Board ofEducation], 228 Conn. 640. ___ A.2d ___ (1994), is applicable to the resolution of this motion. The court finds that [Burns] is factually distinguishable from the present case. In [Burns], a school principal and two teachers were deemed to be potentially liable to a student who was injured during school hours. Id., 649. The court held that such a student was an identifiable and foreseeable victim and therefore represented an exception to the doctrine of governmental immunity. Id., 650; see also [Shore v. Stonington], 187 Conn. 147, 156, 444 A.2d 1379
(1982). The [Burns] case involved an action by a student against an individual employee of a board of education, whereas the present case is by a person brought to the school building by his babysitter, and the suit is against the Board of Education, rather than an employee of such employer. Although there is a "duty to protect the pupils in the board's custody from dangers that may reasonably be anticipated"; [Burns], supra, 649; the minor plaintiff in the present case was not such a pupil. In concluding that school children were a class of foreseeable victims to whom a duty of protection was owed, the court in [Burns] focused on the fact that a student's presence in the school is not voluntary. Id., 649-50. Conversely, the presence of the minor plaintiff in this case was not statutorily mandated, and it follows therefore that this accident was not reasonably foreseeable.
A board of education can be held liable for negligence pursuant to General Statutes § 52-557n(a)(1)(A), which permits a direct action against such a board for the negligence of its employees, unless the employees are exercising judgment or discretion. General Statutes § 52-557n(a)(2)(B). The employees in the present case, who were charged with providing reasonably safe conditions for those coming on school property, were engaged in discretionary duties. See [Heigl v.Board of Education], 218 Conn. 1, 4, 587 A.2d 423 (1991). Since any action by the Board of Education to provide reasonably safe conditions in the school was discretionary, the board is protected from liability by the doctrine of governmental immunity. CT Page 4633
It should also be noted that the plaintiffs in the present case have not sued the Board of Education under the statutes providing for indemnity for employees of a board of education, viz., General Statutes §§ 7-465 or 10-235. These statutes permit a board of education to be joined as a named defendant in a suit against an employee.
Accordingly, the defendant Board of Education's motion for summary judgment is granted on the grounds that it is immune from liability to the plaintiffs.
So Ordered.
Dated at Stamford, Connecticut, this 29th day of April, 1994.
William B. Lewis, Judge