[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT METCALF EDDY'S MOTIONFOR SUMMARY JUDGMENT
FACTUAL BACKGROUND
On September 3, 1992, the plaintiffs, Albert L. Sandella, Jr. and Cheryl Sandella, filed a four count amended complaint against the defendants, Dick Corporation (Dick Corp), MaGuire Group, Inc. (MaGuire) and Metcalf Eddy Services, Inc. (Metcalf). Count one alleges negligence against Dick Corporation. Count two alleges negligence against MaGuire. Count three alleges negligence against Metcalf. Count four alleges a loss of consortium claim against all three defendants. On December 9, 1994, Metcalf filed a motion for summary judgment, accompanied by a supporting memorandum of law, on counts three and four of the amended complaint. On January 30, 1995, the plaintiffs filed a memorandum in opposition to Metcalf's motion for summary judgment. The plaintiffs' opposition was supplemented by the affidavit of Albert Sandella on February 14, 1995. CT Page 6626
The amended complaint alleges the following facts. Albert Sandella was employed by the Town of North Haven Connecticut as an Operations and Maintenance Foreman in its water pollution control facility located at Universal Drive, North Haven, Connecticut.
On July 19, 1990, the defendants stored catatonic polymers, a chemical substance used in the operation of the filter press in the water pollution control facility, in 55-gallon drums in the building under construction by Dick Corp. This chemical substance was leaking from the drums in which it was stored as well as being spilled by workers who were using the chemical substance throughout the building. On or about the same day, Dick Corp. ran a hose in the building from underneath the stairwell on the ground floor through a doorway on the second floor in order to spray water into the gravity thickener tank of the water pollution control facility. The catatonic polymer combined with the water leaking from the hose forming a slippery substance on the ground floor of the building.
At various times prior to July 19, 1990, Albert Sandella, while working, noticed the existence of the chemical substance on the floor of the building and requested that Roy Collins, an agent, servant, and/or employee of Metcalf Eddy, have Dick Corp. clean up said substance. The amended complaint alleges that Metcalf was engaged in the running of the water pollution control facility. On or about July 19, 1990, Albert Sandella, during the course of his employment, was caused to slip and fall on the combination of the chemical substance and water thereby incurring injury.
LEGAL DISCUSSION
Metcalf argues that it is entitled to summary judgment because it owed no duty to the plaintiff to maintain safety conditions at the North Haven Water Pollution Control facility.
The plaintiff argues that Metcalf did owe a duty of care to the plaintiff which arose out of the circumstances under which Metcalf, by virtue of what it knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from their act or failure to act.
"The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide." Burns v.board [Board] of Education, 228 Conn. 640, 646, 638 A.2d 1 (1994). "A duty CT Page 6627 to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based upon a `special relationship' between the plaintiff and the defendant." (Internal quotation marks omitted.) Id. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have" known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Internal quotation marks omitted.) Id. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. . . ." (Internal quotation marks omitted.) Id., 647. "`Foreseeability' in this context is a flexible concept, and may be supported by reasonable reliance, impeding others who might seek to render aid, statutory duties, property ownership or other factors." Id.
"It is important to distinguish between the existence of a duty and the violation of that duty. . . . Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand."Shore v. Stonington, 187 Conn. 147, 151-52, 444 A.2d 1739 (1982). "A decision by the court that, upon any version of the facts, there is no duty, must necessarily result in judgment for the defendant." Prosser, Law of Torts, (3d Ed.) § 36.
According to the affidavit of the plaintiff, Albert L. Sandella, Metcalf was informed, through its employee, Roy Collins, of the hazardous condition which was caused by the combination of the catatonic polymer and water on the ground floor of the building. Therefore, Metcalf possessed knowledge of circumstances under which a reasonable person would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act. This knowledge gave rise to a duty to use reasonable care. Applying the test of foreseeability, the result is equally clear. It was foreseeable to Metcalf that harm might result from the existence of a slippery chemical substance on the ground floor if reasonable care was not exercised.
Therefore, a duty of care was owed to the plaintiff by Metcalf. Accordingly, Metcalf's motion for summary judgment on counts three and four of the plaintiff's amended complaint must be denied.
CONCLUSION
CT Page 6628
Based on the foregoing, the Defendant Metcalf Eddy's Motion For Summary Judgment (#145) is denied.
So ordered.
Michael Hartmere Judge of the Superior Court