[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
On September 11, 1995, the plaintiff, Nathan S. Ancell, filed CT Page 2092 a complaint revised on December 8, 1995 against the defendant, Fleet Bank, alleging the following facts: On March 22, 1985, the plaintiff owned forty thousand State of Tennessee Bearer Bonds valued at five thousand dollars each, which he pledged in a written agreement as security for a guaranteed letter of credit issued by Chemical Bank both of which were subsequently assumed by Connecticut Bank Trust Company which on January 14, 1991, merged with Fleet Bank. On April 15, 1993, the plaintiff received a check for $203,475 from Fleet Bank as the proceeds from the Tennessee bonds which had been called on May 1, 1992.
The plaintiff alleges that the defendant breached the pledge agreement by failing to take action on, or notify the plaintiff that the bonds had been redeemed or converted, and was negligent and violated General Statutes § 42a-9-207 by failing to (1) monitor the redemption or conversion of the bonds (2) notify the plaintiff of the redemption or conversion of the bonds and (3) redeem the bonds when they were called on May 1, 1992.
On December 26, 1995, the defendant filed this motion to strike the second count of the revised complaint on the ground that Connecticut law does not impose a duty on a secured party to monitor pledged bonds, provide notice of the redemption or transfer the proceeds on the date of redemption. The defendant also moved to strike the third count arguing that the plaintiff failed to plead the bond suffered a diminution in value or that the defendant acted as an investment advisor.
 I
The defendant moves to strike the second count of the plaintiff's revised complaint on the grounds that Connecticut law does not impose a duty on a secured party to monitor investments pledged as collateral, to notify the pledgee of redemption, to redeem the collateral and transfer the proceeds or to reinvest the proceeds from the redemption. The plaintiff argues that his second count is basically a common law negligence claim based on the defendant's duty in administration of the collateral arising from a contractual relationship when the bonds were pledged to Chemical Bank and assumed by Connecticut Bank and Trust Co. which was later merged into the defendant.
When Fleet Bank received the bonds through its merger with Connecticut Bank and Trust, it assumed the pledge agreement as well. The letter that accompanied the bonds and was returned CT Page 2093 to the plaintiff signed by an agent of Chemical Bank, stated along with the terms of the pledge that the pledgee "will administer these bonds and collect the interest thereon when due and credit my account at Chemical Bank for such interest." There is not much question that a contract arose between the parties, one that imposed a duty of reasonable care of the collateral upon the defendant. "The existence of a duty of care, an essential element of negligence, is a matter of law for the court to decide . . . . A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a special relationship between the plaintiff and the defendant . . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burns v. Boardof Education, 228 Conn. 640, 646, (1994).
The defendant contends that Connecticut only recognizes a pledgee's duty to exercise care to safeguard the collateral, but it is this care that the plaintiff alleges the defendant failed to exercise. The plaintiff's second count sets forth specific acts that the defendant allegedly failed to perform or performed poorly. By the terms of the contract the defendant was to redeem the bonds when they were due, yet the bonds were not redeemed until a year later. Reading the allegations in the complaint in a light most favorable to the plaintiff clearly supports the plaintiff's claim that a duty existed to administer the bonds and to redeem the bonds when they became due and that the defendant negligently failed to follow the terms of the pledge agreement. Since plaintiff has sufficiently stated a claim upon which relief can be granted defendant's motion to strike the second count is denied.
 II
In the third count of the revised complaint, the plaintiff alleges that the defendant's omission with respect to the administration of the bonds constitutes a breach of duty under General Statutes § 42a-9-207 which reads as follows:
 Sec. 42a-9-207. Rights and duties when collateral is in secured party's possession. (1) A secured party must use reasonable care in the custody and preservation of collateral in his possession. In CT Page 2094 the case of an instrument or chattel paper reasonable care includes taking necessary steps to preserve rights against prior parties unless otherwise agreed.
The defendant argues that the omissions alleged by the plaintiff, namely the defendant's failures to monitor the redemption or conversion of the bonds, notify the plaintiff of the redemption or conversion when the bonds where called, and to redeem the bonds and transfer the proceeds, are not part of any duty within the statute. No Connecticut cases interpreting Section 42a-9-207 have been cited but since that statute is the Connecticut version of the Uniform Commercial Code § 9-207
decisions of other jurisdictions' interpreting similar statutes may be appropriately considered.
"The Bank, as a secured party, must use reasonable care to preserve the collateral in its possession." Gillenwater v.Mid-American Bank and Trust Co., 870 P.2d 700, 704 (Kan.App. 1994) (interpreting the Kansas statutory equivalent to General Statutes § 42a-9-207). "The entire thrust of § 47-9-207 . . . [General Statutes § 42a-9-207] is to require a creditor to preserve collateral in his possession so as not to injure the person who has given that collateral."Halpin v. Frankenberger, 644 P.2d 452, 456 (Kan. 1982). The duty of the pledgee of the collateral is to exercise reasonable care in the preservation of the collateral in the manner set forth in the security agreement. Federal Deposit Insurance Corp. v.Webb, 464 F. Sup. 520, 527-28 (E.D. Tenn. 1978). In Cleveland ChairCo. v. United States, 557 F.2d 244 (Ct.Cl. 1977), the plaintiffs brought suit because the defendant did not reinvest the bonds or notify the plaintiffs of the bonds' maturation. Essentially ignoring the notification issue, the court refused to impose a duty on pledgees to ensure that the security continues to produce income or to promote its increase. The court stated, however, "a security holder who does not present the security for payment or give notice that payment is due on it at the time it matures and becomes collectible may well be liable for failure to prevent loss . . . ." and went on to indicate that liability arises when the timing in presentment of the security is critical to the security's value.
In the present case, the plaintiff is not alleging that the defendant failed to reinvest the securities, but does more than allege that the defendant failed to notify the plaintiff of the CT Page 2095 bonds' maturity. The plaintiff alleges that, through the defendants' failure to redeem the bonds on time or to notify the plaintiff of the bonds redemption, the defendant's administration of the collateral injured the plaintiff, and that these failures taken as a whole constitute the breach of duty to use reasonable care under § 42a-9-20.
-III-
Defendant's claim that the plaintiff failed to allege a diminution in the collateral's value.
Subsection (3) of General Statutes § 42a-9-207 provides:
 . . . (3) A secured party is liable for any loss caused by his failure to meet any obligation imposed by the preceding subsections but does not lose his security interest." (emphasis added)
Section 42a-9-207 does not require an allegation that the collateral be diminished in value. While the court in ClevelandChair, refused to acknowledge that there existed a duty to reinvest, the court did not foreclose the claim that a bank can negligently handle collateral in a way that causes the plaintiff injury. The plaintiff does not claim that the defendant failed as an investment advisor but failed as the pledgee to avoid injuring the plaintiff by causing a loss of a year's interest.
If a plaintiff has suffered any loss, direct or indirect, because of a secured party's breach of its duty of reasonable care in the preservation of the collateral, allegations to that effect would appear to be sufficient under § 42a-9-207.
It is concluded the plaintiff's allegations set forth a factual predicate that, if true, sufficiently support the allegations that a violation of § 42a-9-207 occurred because the bank failed to use reasonable care to avoid injuring the plaintiff.
Motion to Strike Second and Third Counts is denied.
WAGNER, J. CT Page 2096