[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO STRIKE
This case arises from an incident on May 20, 1996, in which it is alleged that the plaintiff was playing on a softball team for the Enfield Softball League. While playing in a game at the Higgins (public) school softball field in Enfield, the plaintiff was running into home base when she fell sustaining certain injuries. Plaintiff claims she was caused to fall as a result of improper placement/location of home plate, and/or as a result of improper placement of dirt around home plate and/or as a result of improper grooming of the area around home plate. Plaintiff has brought her complaint against the Town of Enfield ("Town") and William E. Davis, Superintendent of Parks Recreation for the Town (hereafter "Davis"). Plaintiff brings this action in four counts, the firs three counts against both defendants and the fourth count against the Town. The first count allege general negligence, the second count sounds in negligence based upon obligations contained in state and/or Town policies and directives, the third count in nuisance and the fourth count in CT Page 8222 indemnification as a result of the negligence of the defendants in the first and second counts.
Defendants have moved to strike the first, second and fourth counts on the basis of governmental immunity alleging that the allegations are public duties that are discretionary in nature and by CGS § 52-557n(a)(2) which bars liability of municipalities for acts or omissions which require the exercise of judgment or discretion.
STANDARD OF REVIEW:
The purpose of a motion to strike is to `contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted.' NovametrixMedical Systems, Inc. v. BOC Group. Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted.) Id., 215;
"A municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act as opposed to a discretionary act."Burns v. Board of Education, 228 Conn. 640, 645 (1994).
Clearly, the duty of Davis is a public or governmental duty, but that alone does not permit governmental immunity. The issue is whether Davis' conduct was ministerial or discretionary. The court finds that Davis' conduct as alleged in the complaint inboth counts one and two were discretionary in nature. The determination of the location of home plate, where and how much dirt to put around home plate and the grooming of the area calls for discretionary judgment by Davis. Even the obligations in count two, although allegedly prescribed in writing, call for the exercise of some discretion. Governmental immunity does apply where some exercise of discretion by a municipal employee is involved. Evon v. Andrews, 211 Conn. 501 (1989).[1]
To succeed in her claim, the plaintiff must allege and prove that Davis' discretionary acts or omissions fall within one of three exceptions to Davis' qualified immunity:
 "First, where the circumstances make it apparent to the public officer that his or CT Page 8223 her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Burns v. Board of Education,
supra, 645.
The second and third exceptions are not applicable here. The first exception would appear to be. However, plaintiff has not alleged the first exception nor facts to support it. If it were so alleged, it would require a factual finding and would, therefore, defeat a motion to strike. However, it has not been alleged. Accordingly, the doctrine of governmental immunity does apply. Even though the complaint must be construed in a light most favorable to the plaintiff, the court is limited to the facts alleged in the complaint.[2]
The motion to strike is granted.
Rittenband, Judge