[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS DEFELICE AND CITY OF BRIDGEPORT'SMOTION TO STRIKE CERTAIN COUNTS OF PLAINTIFF'S AMENDED COMPLAINT
Fourth Count
CT Page 4902
The plaintiff endeavors to bring this count within the identified victim-imminent harm exception to the governmental immunity doctrine. Evon v. Andrews, 211 Conn. 501 (1989), arguing that just like the plaintiff in the Burns v. Board of Education,228 Conn. 640 (1994) the plaintiff was one of a class of foreseeable victims to whom the defendant police officer owed a duty of protection. See also, Purzycki v. Fairfield,244 Conn. 101 (1998).
First, neither Burns nor Purzycki are applicable here because in both cases the plaintiffs were elementary school children who were statutorily compelled to be present in school on grounds over which the school districts' authorized agents had a statutory duty of protection.
Second, the allegations with respect to the identifiable victim-imminent harm exception are controlled by Romano v. Derby, 41 Conn. App. 624 (1996) and Bonamico v. Middletown, 47 Conn. app. 758 (1998). The allegations that Defelice knew or should have known the risk of imminent harm to the plaintiff are similar to the allegations in Bonamico,
supra, where the court found that allegations of mere foreseeability of harm growing out of existing circumstances filed to establish the degree of imminence required for the exception to be triggered and for the claim to survive a motion to strike. "Conclusory allegations[s] that the plaintiff was an indentifiable person likely to be subject to imminent harm without supporting facts cannot survive a motion to strike." Id. at 763.
For the foregoing reasons the motion is granted as to this count.
Fifth Count
This count must likewise be stricken because the city's liability under § 7-465 derives solely from Defelice's liability under the fourth count.
Sixth Count
This count is stricken because § 52-557 (a)(2)(A) grants a municipality immunity from liability for the willful misconduct of its employees.
Seventh Count
CT Page 4903
This count is stricken because negligent acts or omissions which require the exercise of discretion are specifically exempted from coverage under § 52-557 and the plaintiff has not alleged that Defelice's acts were ministerial.
Eighth Court
These allegations implicate the city's shield of governmental immunity which but for limited exceptions not pleaded in this count insulate it from liability. Gordon v.Bridgeport Housing Authority, 208 Conn. 161 (1988). Thus, this count is stricken.
MOTTOLESE, JUDGE