[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This an eight count complaint seeking damages for personal injuries filed by Barbara Haims against the defendants, Gisselle DeMoura, Sandra Nadeau, Scott Witkin, Paul Berkel, David Sklarz, the West Hartford Board of Education (the board), and the Town of West Hartford, alleging that the minor plaintiff was assaulted and injured by DeMoura while in attendance at a West Hartford public middle school after a class led by Witkin, a substitute teacher. The complaint alleges that the minor plaintiff's injuries were caused by the intentional conduct of DeMoura and the negligence of the remaining defendants: DeMoura's mother, Nadeau; Witkin; the principal of the school, Berkel; Sklarz, the superintendent of schools for West Hartford; the board; and the Town of West Hartford.
The defendants Berkel, Sklarz, and the board filed this motion for summary judgment on December 29, 1998, asserting that the doctrine of governmental immunity protects each of them from CT Page 6640 liability.
It is well established in Connecticut that although a municipal employee has a qualified immunity in the performance of a governmental duty, he may be liable if he misperforms a ministerial act as opposed to a discretionary act. The ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court unless there are unresolved factual issues material to the applicability of the defense where resolution of those factual issues is properly left to the jury.Purzycki v. Fairfield, 244 Conn. 101, 107-08 (1998). Even where the act is discretionary, liability may exist "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id., 108. Courts in this state "have construed this exception to apply not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Burns v. Board of Education, 228 Conn. 640,646 (1994).
The plaintiffs in the present case concede that the duties that the defendants allegedly owed the minor plaintiff were discretionary but contend however, that the identifiable victim/imminent harm exception is applicable, and thus the defendants are not protected by the doctrine of governmental immunity despite the discretionary character of the duties alleged.
In Burns v. Board of Education, supra, 228 Conn. 640 where the plaintiff, a student, slipped on a patch of ice outside the school entrance and was injured, our Supreme Court held that governmental immunity did not bar the liability of the defendants superintendent, board of education, or city because the identifiable victim/imminent harm exception applied. The court reasoned that because students of the plaintiff's age are statutorily required to attend school, the superintendent is responsible for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of the superintendent's statutory duties. Because the ice condition was temporary, and the risk it posed was significant and foreseeable, the court concluded "that the plaintiff school child was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds, and accordingly governmental immunity is no defense." Id., 650. CT Page 6641
In Purzycki v. Fairfield, supra 244 Conn. 101 the plaintiff student was injured when he was tripped by a fellow student while running down an unattended hallway on his way from lunch to recess. Again, the Supreme Court, analogizing Burns, held that the identitiable victim/imminent harm exception to governmental immunity applied as to both of the defendants, the school principal and board of education, noting that the condition in question, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess, was limited in time and geographical area. Finally, the court noted that the principal's testimony supported the claim and that the risk of harm was significant and foreseeable.
Viewing the facts set forth in the pleadings and affidavits in a manner most favorable to the plaintiffs, the risk of injury complained of in this case is similar to the risk in Purzycki. Plaintiffs allege that Berkel, Sklarz and the board failed to use care in supervising Witkin and apprising him as to the regulations, procedures and responsibilities presented by his position as a substitute teacher. Failure to ensure that a substitute teacher knows which students in his or her class have violent proclivities so that he may take appropriate action with respect to such students may subject students in the substitute teacher's class, an identifiable group of individuals, to imminent harm. As in Purzycki, the risk of harm alleged is temporary and limited to the period during and immediately surrounding classes in which students with violent tendencies are present. Whether the risk is significant and foreseeable, depends on a number of factors, including the particular policies in place, the knowledge each of the defendants had of these policies, and whether any of the defendants had notice of DeMoura's propensity to commit violent acts; these issues involve material questions of fact.
In support of the Motion for Summary Judgment, the defendants argue that classroom teachers, rather than school principals, the superintendent, or the board, are primarily responsible for the direct supervision of students and that the absence of a policy on school violence cannot be the basis for their liability. However, the existence and nature of similar policies regarding student violence and student supervision were specifically taken into consideration by the Purzycki court. CT Page 6642
Defendants' motion for summary judgment is denied.
Jerry Wagner Judge Trial Referee