[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to strike the fifth and sixth counts of the plaintiffs' revised complaint which allege negligence on the part of the Town of Redding Fire Marshall in the performance of his discretionary duties. While municipal employees may be held liable for misperformance of ministerial acts, they are immune from liability in the performance of discretionary acts subject to three exceptions. See Burns v.Board of Education, 228 Conn. 640, 645 (1994). A discretionary CT Page 14924 act is one which requires "the exercise of . . . judgment. . . . It is axiomatic that ministerial acts [are those that] are performed in a prescribed manner without the exercise ofjudgment. . . ." (Internal quotation marks omitted; emphasis in original.) Evon v. Andrews, 211 Conn. 501, 506 (1989). The plaintiffs incorrectly assert that Hawkins, the Redding Fire Marshall, was engaged in a ministerial act by inspecting the subject premises and making decisions based on that inspection. In Connecticut, "an inspector's decision as to whether [a premises] falls below a standard and whether remedial [measures] are therefore required involves the exercise of [the inspector's] judgment . . .," therefore, as a matter of law, Hawkins was engaged in a discretionary act and is immune from liability subject to the relevant public official immunity exceptions. Evon v. Andrews,
supra, 506.
The only pertinent exception to public official immunity in this case is that exception in which "circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm. . . ." (Internal quotation marks omitted.) Burns v. Boardof Education, supra, 645. A public officer is not required to know the specific individual who may become a victim, only the class of persons who may become victims. See id., 646. However, our Supreme Court has applied the "class of persons" standard narrowly, and has in a similar case stated that "[t]he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons" for purposes of this exception to public official immunity. (Internal quotation marks omitted.) Evon v.Board of Education, supra, 508. Additionally, the harm complained of by the plaintiff must be of the same general nature which was likely to result from the public official's act or failure to act. See Burns v. Board of Education, supra, 646.
The plaintiffs incorrectly conclude that because Hawkins, the Redding Fire Marshall, inspected the subject premises and saw the damage and violations thereon, the plaintiffs became identifiable persons to whom Hawkins owed an individual duty of care. Under the applicable public official immunity exception, no duty of care to an individual exists in the exercise of discretionary authority unless such individual is identifiable and subject to a threat of imminent harm. Additionally, the harm complained of must be of the same general nature likely to result from the public official's act or failure to act. CT Page 14925
The plaintiffs have alleged facts indicating that potential health risks existed at the subject premises and that the premises were uninhabitable. However, they have failed to allege facts to support their claim that the plaintiffs were in any immanent foreseeable danger of becoming victims of a homicide or arson. Furthermore, the application of the narrow "class of persons" test utilized in Burns v. Board of Education, supra, 646; and Evon v. Andrews, supra, 508, does not yield any identifiable persons to whom Hawkins owed an individual duty of care because any number of people, not just tenants, could have been in the subject house at any unspecified time.
This court finds that there was no identifiable person to whom Hawkins owed an individual duty of care and the harm complained of was not foreseeable, eminent or of the general nature of harm likely to result from Hawkins' conduct. The motion to strike is, accordingly, granted.
Moraghan, J.