[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE COUNTS SEVEN AND EIGHT OF PLAINTIFFS' COMPLAINT[1]
The defendants, Town of Enfield and Enfield Police Officer Mark DiMauro, have brought this Motion to Strike the seventh and eighth counts of the plaintiffs' complaint on the ground that they fail to state legally sufficient grounds upon which relief can be granted, and in particular they claim that the defendants are shielded from the plaintiffs' negligence claim by the Doctrine of Governmental Immunity as codified in CGS Section 52-557n(b)(7) and (b)(8). The plaintiffs, Frank Perrotta, individually and as the administrator of the Estate of Joseph Perrotta, and Concetta Perrotta (plaintiffs) have brought this action to recover for the alleged wrongful death of their son, Joseph Perrotta.
The defendant, Mark DiMauro, is a police officer for the Town of Enfield, Connecticut. Officer DiMauro was called to 135 Church Street, Enfield, Connecticut, on or about December 4, 1998, to respond to a complaint by Nancy Dart, a representative of North Central Counseling. At that time the decedent, Joseph Perrotta, was a patient of and under the supervision of North Central Counseling and had been since 1992. Nancy Dart was one of his caretakers.
The plaintiffs allege that upon his arrival Officer DiMauro was informed by Mrs. Dart that Joseph Perrotta was gravely disabled and was committable. The plaintiffs allege that Officer DiMauro spoke to Mr. Perrotta with regard to taking his medications, but conducted no other investigation with respect to his psychological condition or his failure to take his prescribed medications and/or his danger to himself. They CT Page 7327 further allege that Officer DiMauro left the scene and took no action to protect the life of Joseph Perrotta, and that if Officer DiMauro had conducted an adequate investigation he would have found a history of self-harm as well as a history of failure to take prescribed medications.
The plaintiffs claim is that Mr. Perrotta on or about December 14, 1998, approximately ten days after Officer DiMauro's arrival, disappeared from his residence and subsequently committed suicide by self-mutilation and/or drowning. Plaintiffs have alleged that Joseph Perrotta suffered from emotional, mental, and physical suffering during the last days of his life as well as bodily injury and drowning death by suicide as a result of Officer DiMauro's breach of his duty to Joseph Perrotta.
The plaintiffs seek to hold the Town of Enfield liable on an agency or indemnification theory.
Plaintiffs claim that Officer DiMauro had a duty to take Mr. Perrotta into custody on December 4, 1998 and that this was ministerial and not subject to governmental immunity. In addition, the plaintiffs claim that even if the Court should find that Officer DiMauro's actions were discretionary the case falls under the Identifiable person, imminent harm exception to governmental immunity and that it should have been apparent to Officer DiMauro on December 4, 1998, that Joseph Perrotta was an identifiable person at risk for imminent harm.
The defendants allege that in the absence of statutory authority to the contrary, General Statutes Section 52-557 shields the Town of Enfield and Officer DiMauro from liability as to the plaintiffs where damage is caused by negligent acts that are discretionary rather than ministerial. General Statute Section 52-557n(a)(2) provides in relevant part:
 "Except as otherwise provided by the law a [municipality] shall not be liable for damages to person or property caused by . . . negligent acts or omissions which require the exercise of judgment or discretion at an official function of the authority expressly or impliedly granted by law."
It is well established in the absence of a statute to the contrary, pursuant to Section 52-557 (n)(a), a municipality is immune from liability for the negligent, as opposed to reckless, performance of acts that are discretionary rather than ministerial in nature. Elliott v. Cityof Waterbury, 245 Conn. 385, 411 (1998); Evon v. Andrews, 211 Conn. 501,505 (1989).
In the opinion of this Court, each of the acts of negligence specified CT Page 7328 in the seventh count of the complaint were as a matter of law discretionary rather than ministerial in nature. See Gorden v. BridgeportHousing Authority, 218 Conn. 179-80; Heigl v. Board of Education,218 Conn. 5-6, [218 Conn. 1].
Recognizing that a Court might decide that the acts of the policeman are discretionary the plaintiffs in their objection to the Motion to Strike, rely also upon one of three narrow exceptions to the general rule that a governmental employee is immune from liability for discretionary acts. The three exceptions are 1) Where surrounding circumstances make it apparent to the municipal employee that his/her failure to act would be likely to subject an identifiable person to imminent harm; 2) Where a statute specifically provides for a claim against the municipally or town official for failure to enforce certain statutes; and 3) Where the action involves malice, wantonness, or intent to injure. Mulligan v. Rioux,229 Conn. 716, 726 (1994). See also Burns v. Board of Education,228 Conn. 640, 645 (1994).
This Court cannot agree that the function of Officer DiMauro was ministerial. In the opinion of the Court it was discretionary nor can the Court agree that the allegations in Count Seven amounted to circumstances which would make it apparent to Officer DiMauro that his failure to act would be likely to subject an identifiable person to imminent harm. The word imminent as used in the exception, means something substantially more urgent than the circumstances set forth in Count Seven. Mr. Perrotta apparently did not leave home for ten days after the police incident and it is unknown as to when he committed suicide. His body was not found until June 5, 1999, six months later. It must also be kept in mind that during the ten days after the police incident, Mr. Perrotta remained a patient of those who had been his caretakers for approximately six years and under prescribed medication. The Court does not believe that under the circumstances described in the complaint the officer could be expected to regard Mr. Perrotta as being in immediate danger.
The Court finds that Officer DiMauro was performing a discretionary duty and that, although Mr. Perrotta was certainly identifiable, the circumstances did not make it apparent to the officer that his failure to act would be likely to subject Mr. Perrotta to imminent harm.
The defendant's Motion to Strike Counts Seven and Eight of the complaint is granted.
Hale, JTR