[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTIONS TO STRIKE OF DEFENDANTS PATEL AND WEIGOLD
The defendant J. Patel moves to strike count one of the complaint directed to him. The defendant Lynn Weixel, PHD moves to strike the second count of the complaint applicable to her.
 I As to the defendant Patel
1. The defendant Patel moves to strike the first count of the complaint on the basis that the defendant, as a matter of law, did not owe a duty to the plaintiffs decedent.
A psychiatrist may, under certain circumstances, have a duty to persons other than his patient, to protect such third parties from harm caused by the patient. The leading case of Fraser v United States, 236 Conn. 625
(1966) deals specifically with this subject. The court states as follows: "Existing Connecticut precedents impose only a limited duty to take action to prevent injury to a third person. Our point of departure has been that absent a special relationship of custody, there is no duty to protect a third person from the conduct of another. "Fraser v. UnitedStates, supra, p. 625. The defendant Patel was treating the driver Paggioli as an outpatient. This is the same situation as existed in theFraser case, supra, which is clear from the allegations of the complaint.
The Supreme Court does however articulate a further exception: "We therefore have no precedent for imposing a duty on psychotherapists to exercise control over an outpatient in the absence of a showing that the victim was either individually identifiable or, possibly, was either a CT Page 8887 member of a class of identifiable victims or within the zone of risk to an identifiable victim." Fraser, supra, p. 634.
This defendant argues that there was no legal duty owed to the plaintiff. Yet a reading of the compliant does not set forth facts which would support that conclusion. No facts are pleaded to support a conclusion that the plaintiff was not individually identifiable or was not a member of a class of identifiable victims or was not within the zone of risk to an identifiable victim.
The plaintiff in the first count of the complaint pleads proximate cause in the traditional manner — "23. As a result of the negligence and carelessness of the defendant, ...". In order to determine "result", that is proximate cause, which is the, for these purposes, a conclusion of forseeability and duty owed, requires a factual determination on an individual basis. For example, see the elaborate factual description contained in Lodge v. Arett Sales Corp., 246 Conn. 563 (1998), and the detailed factual description of "foreseeable class of victim" contained in Burns v. Board of Education, 228 Conn. 649 (1994).
The plaintiff has adequately pleaded proximate cause. Remaining questions are questions of fact to be derived from evidence. Motion denied.
2. As to paragraph 13 of the first count, claiming that the co-defendant had actual knowledge of the patient falling asleep, knowledge is not attributable to this defendant absent a factual statement of actual knowledge. The motion to strike paragraph 13 from the first count is granted. It does, however remain an allegation of the second count.
3. The defendant moves to strike allegation 14b of the allegations of negligence, which sets forth a failure to report the patient as incapable of operating a motor vehicle. Two appeals cases have commented on this statute. "... General Statutes § 14-46 now permits but does not require physicians and optometrists to notify the department of motor vehicles ... see footnote 5, Daly v. DelPonte, 225 Conn. 499, 502
(1993); "Klaus was not required to report the plaintiff. See General Statutes 14-46". Labenski v. Goldberg, 33 Conn. App. 727, 736 (1994).
Allegation 14b sets forth a claim of a statutory cause of action. Practice Book § 10-3(a) states "When any claim made in a complaint. . . is grounded in a statute, the statute shall be specifically identified by number. This is a statutory claim of negligence which, as a matter of law, as a statutory claim, is not actionable. Paragraph 14b of the first count of the complaint is stricken. CT Page 8888
4. The statute of limitations.
The statute of limitations must be specially pleaded as a special defense, Practice Book § 10.50. The special defense raises factual questions which must be proven, and which may be defended against under a number of legal theories.
The motion to strike on the basis of the statute of limitations is denied.
 II As to the defendant Weixel
The defendant moves to strike, claiming that 1) this defendant, as a matter of law, did not owe a duty to the plaintiffs decedent; and 2) the claim is barred by the statute of limitations.
1. As stated in the first part of this decision a duty may be imposed on a psychiatrist and may exist upon a showing that the victim was either individually identifiable, or possibly, was either a member of a class of identifiable victims or within the zone of risk of an identifiable victim. Fraser v. United States, 236 Conn. 625, 634 (1996). It is obvious that if the law would impose such a duty on a psychiatrist or a psychotherapist, then such a duty would be imposed on a psychologist because of that professional's expert ability to diagnose mental problems and to appreciate the dangers thereby posed. As indicated, supra, the question of a duty is at least partially fact bound and cannot be decided on a motion to strike. The motion to strike on the grounds of no duty is denied.
As to the claim that the defendant does not have a statutory duty to report the plaintiffs difficulty in driving to the Department of Motor Vehicles under General Statutes § 14-46 the defendant's contention is correct for two reasons. First, the statute by the use of the word "may" does not impose a mandatory duty upon anyone. See analysis and cited cases in the first section of this decision pertaining to the co-defendant Patel. Second, the statute pertains only to physicians. The defendant Weixel is not a physician.
The motion to strike paragraphs 18b and 18c of the second count of the complaint, is granted.
As to the claim that the action is barred by the statute of limitations, the same analysis as pertains to the same claim by co-defendant Patel is appropriate. This claim must be specially pleaded CT Page 8889 as a special defense, which raises factual questions as to the applicability and avoidance of the statutory bar. Practice Book §10-50. It is not to be decided on a motion to strike.
The motion to strike on the basis of the statute of limitations is denied.
 _______________J. L.P. Sullivan