[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION on Motion to Strike (127.00)
 I — Background
The plaintiffs, Susan and Jeffrey Goode, commenced suit on behalf of themselves and their minor daughter Jessica, seeking compensation for injuries sustained by Jessica as a result of a motor vehicle collision that occurred while she was riding in a vehicle driven by a teammate from Wilton High School to a soccer practice field located on another school campus in Wilton.
The plaintiff's revised complaint asserted seven causes of action against the Town of Wilton, its Superintendent of Schools, the Wilton Board of Education and six of its members and the coach of the High School girls varsity soccer team. Last year the defendants' motion to strike all counts of the revised complaint was granted. Goode v. Town ofWilton, Superior Court, Judicial District of Stamford/Norwalk at Stamford, CV 00 018 0777 (October 9, 2001, Mintz, J.)
(31 Conn.L.Rptr. 25). In its decision, the court determined that the first count, sounding in negligence, failed to allege that the defendants owed a duty to the plaintiffs to ensure safe transportation from the High School to the practice field. The court also struck the second count alleging liability under General Statutes § 10-220. holding that the plaintiffs failed to allege sufficient facts to establish that the acts of the defend ants subjected Jessica to imminent harm, a prerequisite for a negligence action to succeed against a local governmental official for his or her performance of a discretionary act. The remaining five counts were found to be derivative of the first two counts and were also stricken.
The plaintiffs have now served and filed a substitute complaint again setting forth seven counts against all defendants and adding a few new allegations. The defendants have moved to strike the complaint in its entirety. CT Page 4550
 II — Discussion
The court assumes the parties and counsel are familiar with the legal standards applicable to motions to strike as well as the determinations and holdings contained in Judge Mintz's thorough and well researched decision.
Taking the allegations of the substitute complaint as true and viewing them in the light most favorable to sustaining the complaint, the plaintiffs assert that Jessica Goode was a member of the Wilton High School girls varsity soccer team and that soccer practices were High School functions, scheduled, sponsored and supervised by the defendants. Varsity soccer practices were held at Middlebrook School about a mile away from the High School, and in order to attend, team members had to travel on a "busy and dangerous highway known as U.S. Route 7 and on a narrow and winding road having a steep incline, known as School Road." (Substitute Complaint, Count 1, ¶ 8.) It is alleged that the defendants made no provisions for transporting team members to the practice site and permitted them to go in vehicles operated by other team members who the defendants knew or should have known were new and inexperienced drivers. The plaintiffs allege that defendants knew or should have known that unsupervised travel on Route 7 and School Road by soccer team members presented the risk of imminent harm to team members, including Jessica Goode.
In its earlier decision, the court determined two important matters: (1) that the defendants, as municipal officers or employees, were entitled to whatever protections were afforded by the doctrine of governmental immunity, and (2) that under General Statutes § 10-220
and case law, the decision whether to provide school sponsored bus transportation to soccer practice was a matter of discretion. The court will not revisit those determinations because they represent the "law of the case" and because they are correct.[1]
As clearly discussed by Judge Mintz, where the actions or omissions of local officials involve the exercise of discretion, the doctrine of governmental immunity will protect those officials from liability for negligence unless one or more of three exceptions to that immunity applies. The only possible exception applicable to this case is described as the situation
 "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . ."
CT Page 4551Purzycki v. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998).
The court finds that the allegations of the substitute complaint do not allege facts which are sufficient to invoke the above exception. Assuming that Jessica Goode and her teammates were an identifiable class of people; see Burns v. Board of Education, 228 Conn. 640, 646, 638 A.2d 1; (1994) the second part of the exception, that the harm be imminent, is not satisfied. "Imminent" means ready to take place, close to happening. See Purzycki v. Fairfield, supra, 244 Conn. 110 (imminent harm involves a significant and foreseeably dangerous condition that is limited in duration and geographical scope); see also Ballentine's Law Dictionary (3d Ed. 1969) (defining "imminent" as "Over hanging, about to materialize, especially something of a dangerous nature. Threatening, full of danger."); The Random House Dictionary of the English Language (2d Ed. 1987) (defining "imminent" as "likely to occur at any moment; impending.").
Our Supreme Court has stated that the potentially harmful circumstance must be limited to a situation that is temporary or discrete in time.Purzycki v. Fairfield, supra 244 Conn. 110. Imminent harm is not harm that could have occurred at any future time. Evon v. Andrews,211 Conn. 501, 508, 559 A.2d 1131 (1989.) The plaintiffs' allegations, in the most favorable light for plaintiffs, allege circumstances which are continuing conditions containing the possibility of danger (as do all conditions), but not the elements of imminent harm. There are no allegations that traffic or weather conditions were abnormal; there are no allegations that the condition of the roads were made dangerous by any unusual factors such as potholes or construction work, or that the roads failed to meet state or local safety regulations. Similarly, while the drivers were young there is no allegation they were unlicensed, or in any other way unqualified to drive. The allegations at most state that licensed high school age drivers were transporting young friends relatively short distances on familiar local roads. They do not set forth the type of impending, looming danger or unusual fraught-filled conditions that would justify piercing the well accepted immunity of local officials from liability for discretionary actions or decisions. If those types of facts are deemed sufficient to place local officials on notice of likely imminent harm then the concept of limited immunity for local government discretionary acts will be significantly impaired. This court is not willing to take that step.
The court concludes that the first and second counts alleging negligence should be stricken. As set forth in Judge Mintz's decision the remaining five counts are dependent on the validity of the first two counts. Therefore, the remaining counts are stricken as well. CT Page 4552
____________________ ADAMS, J.