[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The defendants, Riverside Publishing Co. and Edward C. Drahozal, request the court to strike the plaintiff's complaint on the ground the plaintiff has failed to state a claim upon which relief can be granted. The plaintiff seeks damages for the defendants' having adversely affected the value of the plaintiff's home by negligently providing scholastic testing services to the public schools in Fairfield. This court concludes the plaintiff has failed to allege facts that show the defendants owed the plaintiff a duty to act with reasonable care to prevent harm to the plaintiff. The court, accordingly, grants the motion to strike.
"In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems v. BOCGroup, Inc., 224 Conn. 210, 214-15, 618 A.2d 25 (1992). The plaintiff alleges the following: He purchased a residence in the Stratfield School District in Fairfield, Connecticut, so that his son could attend an award-winning elementary school. In January of 1996, the students in the third and fifth grades of the Stratfield School took a test known as the Iowa Tests of Basic Skills. This test was published and scored by defendant Riverside Publishing Co., which is in the business of providing scholastic testing services. The Superintendent for the Fairfield Public Schools reported to the defendants that a large number of erasures were present on the answer documents and that a very high percentage of CT Page 9825 answers were changed from wrong to right. The defendants advised the superintendent that she should readminister the test. The superintendent did so and sent the answer sheets to the defendants for analysis. Thereafter, defendant Edward C. Drahozal, a vice-president of Riverside Publishing Co., reported to the superintendent that tampering had occurred on the original test. The superintendent issued a "Special Report" to the Fairfield Board of Education setting forth the defendants' conclusion. The superintendent or the board released the "Special Report" to the public and the media. As a result, the defendants' conclusion that tampering had occurred was extensively reported in the media.
The plaintiff further alleges that as a result of the publicity "the plaintiff has been damaged in that the value of his real property . . . has been substantially diminished." The plaintiff claims the damages were "proximately caused by the negligence of the defendants. . . ." The plaintiff alleges many details to support his contention that the defendants' analysis of the test results was faulty. In the final two paragraphs of his complaint, the plaintiff alleges that "the defendants were also negligent in that they knew or should have known that no tampering occurred at Stratfield School . . . . [T]he defendants negligently induced [the superintendent of schools] and the Board of Education to adopt and publish the defendants' negligent tampering conclusion which, in turn, proximately caused the aforementioned damages to the plaintiff."
The defendants contend their motion to strike should be granted because the plaintiff has failed to allege facts that show defendants breached a duty of care owed by the defendants to the plaintiff and has failed to allege facts that show the defendants' actions were a proximate cause of the plaintiff's injury. If these factual elements are missing, the complaint does not state a cause of action. "A breach of duty by the defendant and a causal connection between the defendant's breach of duty and the resulting harm are essential elements of a cause of action in negligence."Catz v. Rubenstein, 201 Conn. 39, 44, 513 A.2d 98 (1986). The plaintiff, claiming these elements exist, argues that a duty of care was created because a reasonable person could have foreseen that harm was likely to result from the defendants' action. With respect to causation, the plaintiff argues that this issue presents a question of fact that cannot be resolved by the court on a motion to strike.
"The existence of a duty of care, an essential element of CT Page 9826 negligence, is a matter of law for the court to decide. . . . A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a special relationship between the plaintiff and defendant. . . . A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." (Citations omitted; internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640, 646,638 A.2d 1 (1994). The plaintiff has not alleged a duty of care based on privity of contract or a statutory duty. He bases a duty of care on principles of foreseeability.
What the former Chief Justice of the Connecticut Supreme Court recently wrote about "predicating the existence of a duty of care on principles of foreseeability" is germane to the issue presented by the defendants' motion. Chief Justice Peters analyzed this concept as follows: "In predicating the existence of a duty of care on principles of foreseeability, the plaintiff misconstrues the concept of duty as our case law has delineated it. `Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual.' (Internal quotation marks omitted.) RKConstructors, Inc. v. Fusco Corp., supra, 231 Conn. 385. Because foreseeability is a necessary component of duty, the absence of foreseeability forecloses the existence of a duty of care. Id., 385-86; Frankovitch v. Burton, supra, 185 Conn. 20-21. The converse is not, however, true: the conclusion that a particular injury to a particular plaintiff or class of plaintiffs possibly is foreseeable does not, in itself, create a duty of care. As we recently stated in RK Constructors, Inc. v. Fusco Corp., supra, 386: `Many harms are quite literally `foreseeable,' yet for pragmatic reasons, no recovery is allowed . . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree.' (Citations omitted; internal CT Page 9827 quotation marks omitted.) Thus, foreseeability is not commensurate with duty, and proof of foreseeability does not establish the existence of a duty of care." Waters v. Autuori, 236 Conn. 820,827-28, 676 A.2d 357 (1996).
Applying these principles, this court concludes that the allegations of the plaintiff's complaint do not establish a duty of care owed by the defendants to the plaintiff. The plaintiff has failed to allege a special relationship between the plaintiff and the defendants that creates a duty to act with reasonable care to prevent harm to the plaintiff. Since this essential element of a cause of action in negligence is lacking, the motion to strike must be granted. Because the court's decision on the first issue is dispositive of the motion to strike, the court does not address the causation issue.
The motion to strike is granted.
THIM, JUDGE