[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THE DEFENDANTS' MOTION TO STRIKE (#170)
Vernia Dantzler (hereinafter the "plaintiff"), administratrix for the estate of Robert Dantzler, Sr. (hereinafter "Dantzler"), filed an amended complaint on October 31, 1996 (hereinafter the "complaint"),[1] against the City of New London, its fire chief, Ronald Samuel, and battalion chiefs, Edward Hallisey, Edward Murphy, and Edward Samuel (hereinafter the "defendants'").
Briefly stated, the complaint alleges that on February 2, 1993, a fire destroyed the property located at 91 Truman Street, New London, Connecticut. As a result of the fire, the decedent Robert Dantzler, Sr., lost his life.
Count one of the complaint alleges that Dantzler's death was CT Page 5696 caused by the negligence of R. Samuel, E. Hallisey, E. Murphy, and E. Samuel. Count two alleges that Dantzler's death was caused by the intentional and reckless conduct of R. Samuel, E. Hallisey, E. Murphy, E. Samuel, and the City of New London. Count three alleges that Dantzler's death was caused by the negligence of the City of New London.
On November 18, 1996, the defendants filed a motion to strike the plaintiff's entire complaint. The plaintiff has filed an objection.
"In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori,236 Conn. 820, 825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). The facts in the complaint must be considered most favorably to the pleader. Waters v.Autori, supra, 236 Conn. 825. When "facts provable in the complaint would support a cause of action, the motion must be denied." Id. 826.
Governmental "immunity from liability for the performance of discretionary acts by a municipal employee is subject to three exceptions or circumstances under which liability may attach even though the act [is] discretionary: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . creating municipal liability for damages done by mobs . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." Evon v. Andrews, 211 Conn. 501, 505,559 A.2d 1131 (1989). Judge Hurley, in his memorandum of decision filed March 6, 1995, has already ruled that the acts in question are discretionary. Thus, unless the plaintiff can plead facts sufficient to bring the complaint within one of the three exceptions to governmental immunity the complaint must fail.
Count one alleges that Dantzler was an identifiable person subject to imminent harm, and thus governmental immunity should not attach to the defendants' actions. In Burns v. Bd. ofEducation, 228 Conn. 640, 638 A.2d 1 (1994), the Supreme Court has stated that "[w]e have construed this exception to apply not only to identifiable individuals but also to narrowly defined CT Page 5697 identified classes of foreseeable victims. . . . In delineating the scope of a foreseeable class of victims exception . . . our courts have considered numerous criteria, including the immanency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Id. 646-47.
In this case, the plaintiff's complaint alleges that Dantzler called 911 and stated: "Hello, Fire Department. 91 Truman Street. We got a fire. Someone's in the apartment." The plaintiff's complaint further alleges that the contents of the 911 call were communicated to the defendants: "structure fire, with a `report of people trapped.'" The complaint further states that "Dantzler . . . upon seeing the arrival of firefighters and firefighting apparatus and in reliance on same moved within the home to help preserve and protect the lives of others located within the fire scene. . . ." The complaint concludes that defendant E. Hallisey saw "Dantzler . . . alive and well and located within the fire scene located at 91 Truman Street further identifying . . . Dantzler . . . as an identifiable victim subject to imminent harm and these circumstances together with the prior 911 telephone call were of such a circumstance to have made it apparent to the defendants that their failure to properly act would subject . . . Dantzler to imminent harm."
Construing the facts in the light most favorable to the nonmovant, this court concludes that the plaintiff has failed to allege sufficient facts to bring this cause of action within the imminent harm/identifiable person exception to governmental immunity as to all the defendants' save for E. Hallisey. This exception requires that there either be an identifiable person or an identifiable class of victims. However, taking the facts to be those pled in the complaint, this court observes that while the 911 phone call might arguably have created an identifiable class of victims, the plaintiff alleges not a class of victims but an identifiable person. The transcript of the 911 call never asserts that it is Dantzler who is imperiled. However, paragraph 15 of the complaint does allege that defendant E. Hallisey saw Dantzler in the fire scene. Thus as to defendant Hallisey, the plaintiff has alleged sufficient facts to argue that Dantzler was an identifiable victim subject to imminent harm. The count should be stricken as to defendants' R. Samuel, E. Murphy, and E. Samuel.
The second count claims that the defendants' actions constitute intentional or reckless conduct and therefore CT Page 5698 governmental immunity should not attach. The Supreme Court has recognized that governmental immunity will not attach in those situations where discretionary acts "involve malice, wantonness or intent to injure, rather than negligence." Evon v. Andrews,
supra, 211 Conn. 505 (1989). The plaintiff's complaint has pled no facts which indicate conduct by the defendants rising to the level of malice, wantonness, or intent to injure. See Brown v.Branford, 12 Conn. App. 106, 109-10, 529 A.2d 743 (1987). This court determines that the second count should be stricken.
Count three alleges negligence on the part of the City of New London for failing to establish guidelines for staffing, funding, supervising and/or monitoring, and/or providing sufficient personnel for its fire department. This court can find no difference between the facts alleged in this count and those alleged in the complaint previously stricken by Judge Hurley. The actions complained of are clearly discretionary and governmental immunity should attach. Thus, the third count is stricken.
The defendants' motion to strike is granted as to the second and third counts, and granted as to R. Samuel, E. Murphy, and E. Samuel in the first count, and denied as to E. Hallisey in the first count.
Booth, J.