[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The municipal defendant, and Board of Education defendants and their employees file this motion to strike on the basis of governmental immunity. The plaintiff, a student, claims to have CT Page 5122 sustained injuries while in a school corridor at the South Windsor High School. He claims to have been assaulted by another student. The defendants — a teacher, the Vice Principal, the Principal, the Town, and the Board of Education move to strike. The claims against the various parties are basically failure to supervise, and as against the executives, failure to promulgate rules, to train supervisors, and to provide a safe environment.
The case of Burns v. Board of Education, 228 Conn. 640 (1994) is controlling as concerns the general duty owed to school children. ". . . the superintendent of schools bears the responsibility for failing to act to prevent the risk of imminent harm to school children as an identifiable class of beneficiaries of his statutory duty of care." (P. 649) Further, "the plaintiff school child was one of the foreseeable victims . . ." "and accordingly governmental immunity is no defense" (P. 650). Whether facts provable under the general allegations of the complaint fall within this category is a mixed question of fact and law.
The defendants contend that this situation came about because of "horseplay or spontaneous shoving which occurs between students as they pass in the hallway", on page 8 of their brief. The complaint does not allege such a spontaneous or unpredictable occurrence. The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Rowe v.Godou, 209 Conn. 273, 278 (1988). The Court cannot read into the complaint factual assertions which are merely alleged in the brief of the opposing party. For the reasons set forth herein the motion to strike is denied.
L. Paul Sullivan, J.