[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff brought this action in damages for injuries allegedly sustained on March 21, 1992 when, while serving as the Republican Registrar of Voters for the City of West Haven, she helped "to move one of the machines to complete its certification. . . . as [plaintiff] pushed the machine, one of its wheels got caught in a broken tile on the floor, causing [plaintiff's] neck and whole body to jerk." (Plaintiff's Affidavit). As a result of this incident the plaintiff alleges that she sustained severe and permanent cervical injuries.
The certification of the voting machines for a municipal election is a procedure conducted by the voting machine mechanics and both voter registrars. It involves recording the serial number of each machine and its protective counters. At the time CT Page 12275 this incident, the machine being moved was located in a municipal building formerly known as the West Haven Park Recreation Building. The Democratic Registrar Voters, Emmett McDonough, and one of the mechanics, William Marazzi were with plaintiff at the time.
The voting machine had to be moved from its resting place against a wall and out into the light where the numbers could be viewed. The plaintiff brought this action against the following city employees: Arthur Ferris, Director of Public Works; Charles Andreoli, Superintendent of Park Maintenance; Beth Sabo, Director of Human Resources; Barbara Berry, Director of Parks and Recreation; and Louis Spoldi, Superintendent of Building Maintenance.
The defendants moved for summary judgment on the grounds that, as a matter of law, they owed no legal duty to the plaintiff and that they are protected under the doctrine of governmental immunity because repairs and renovations of municipal building are discretionary acts of these officials and, therefore, they cannot be held liable for any injuries sustained by the plaintiff.
The defendants argue that, as individual employees, they had no duty of care with respect to the premises and that even if a duty was imposed on them, it would be governed by common law principles of negligence and the mandates of their official responsibilities as described in their official statements of duties.
Courts should grant summary judgment "if the pleadings, affidavits and any other roof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted). Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202 (1995).
"The existence of a duty is a question of law and only if CT Page 12276 such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Zamstein v. Marvasti,240 Conn. 549, 558 (1997). "The law does not recognize a duty in the air."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 171
(1988).
"The existence of a duty of care . . . [is] an essential element of negligence . . . . A duty to act with reasonable care to prevent harm to a plaintiff which, if violated, may give rise to tort liability is based on a special relationship between the plaintiff and the defendant . . . . A duty to use care may arise from a contract, from a statute, or circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Burns v.Board of Education, 228 Conn. 640, 646 (1994).
While the defendants submitted affidavits presenting their job descriptions as evidence of their official responsibilities and duties, and the plaintiff offered no evidence contradiction of these job descriptions, the affidavits are not dispositive of the claim that no genuine issue of material fact exists. The job descriptions, in general, involve the inspection, repair or maintenance of the premises where the plaintiff was injured. The affidavits do not address the circumstances of the defendants' employment involving the subject premises, i.e., what they reasonably knew or should have known in anticipation of any harm of the general nature of that allegedly suffered by the plaintiff as a result of their acts or failure to act.
The defendants' job descriptions clearly show that their official duties involved the inspection, repair and/or maintenance of the subject premises. The nature of these duties, whether public or private, and whether discretionary or ministerial acts are involved, cannot be determined from the affidavits submitted by the defendants. Nor do the affidavits allow a determination as to whether a ministerial act was properly carried out. "[A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . The word `ministerial' refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion . . . ." Evon v. Andrews,211 Conn. 501, 505 (1989). CT Page 12277
The finder of fact must make a determination based upon evidence of far greater weight than presented to the court on the motion for summary judgment in this case. There are genuine issues of material fact which must be determined at trial. Accordingly, the motion for summary judgment is denied.
BY THE COURT LEANDER C. GRAY, JUDGE