[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE: MOTION FOR SUMMARY JUDGMENT (#133)
CT Page 4949
The plaintiff, Cynthia Swanson, has filed a revised five-count complaint on behalf of her daughter, Serena Brown, against the defendants: Greenwich Board of Education; John Whritner, the superintendent of Greenwich Schools; Eileen Petruzillo, the headmistress of Greenwich High School; the Town of Greenwich; and Alex Garavito. The plaintiffs allege that while Brown was on school premises during school hours, she was lured off-campus, sexually assaulted, and raped by the defendant Garavito. All of the defendants, except Garavito, have filed a motion for summary judgment based on governmental immunity.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party."Maffucci v. Royal Park Limited Partnership, 243 Conn. 552, 554, ___ A.2d ___(1998).
Count one of the plaintiffs' complaint sounds in negligence against the Board only. Specifically, the plaintiffs allege that the security guards of the school and the Board "were careless and negligent in that: they failed to properly check Mr. Garavito when he entered the school; they failed to monitor Mr. Garavito's presence in the building; they failed to request [that] Mr. Garavito . . . leave the building; they failed to require all visitors to check in at the main office or at the entrance of the school and . . . they failed to properly insure and protect the safety of the students and [Brown] in particular, in said building." The count against the Board also sounds in a violation of General Statutes §§ 10-220 and 10-157 based on a failure "to provide proper supervision in the Greenwich High School."
The count against Whritner and Petruzillo, count two, sounds in negligence based on the "failure to invoke proper procedures so that unauthorized people cannot enter the [high school]" without a proper purpose. The plaintiff also claims that Whritner violated General Statutes § 10-157 "by failing to provide proper supervision at Greenwich High School."
The defendants argue that the doctrine of governmental CT Page 4950 immunity bars the plaintiffs claims against the Board, Whritner and Petruzillo. The plaintiff responds that a genuine issue of material fact exists regarding the applicability of the doctrine.
The Supreme Court recently addressed the issue of governmental immunity as applied to municipal employees in an educational setting. In Purzycki v. Fairfield, 244 Conn. 101, ___ A.2d ___(1998), the plaintiffs sued the Board of Education and the principal of a school for injuries the child received when another student tripped him in an unsupervised hallway.[1]Purzycki is on all fours with the present case.[2]
"The doctrine of governmental immunity has provided some exceptions to the general rule of tort liability for municipal employees. [A] municipal employee . . . has a qualified immunity in the performance of a governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act. . . . [T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where] resolution of those factual issues is properly left to the jury." (Citation omitted; internal quotation marks omitted.) Purzycki v.Fairfield, supra, 244 Conn. 107-8.
The parties here agree, as in Purzycki, "that any duty owed by the defendants to the child was discretionary, not ministerial in nature. Therefore, in order to prevail, the plaintiffs' claim must fall within one of the recognized exceptions to qualified immunity for discretionary acts. Our cases recognize three such exceptions: first, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v.Fairfield, supra, 244 Conn. 107-8, citing Burns v. Board ofEducation, 228 Conn. 640, 645, 638 A.2d 1 (1994) and Evon v.Andrews, 211 Conn. 501, 505, 559 A.2d 1131 (1989). Only the imminent harm exception applies here.
An application of the imminent harm analysis, according to the Purzycki court, involves a discussion of two cases: Burns v.CT Page 4951Board of Education, supra, 228 Conn. 640 and Evon v. Andrews, supra, 211 Conn. 501.
"In Burns, a schoolchild slipped and fell due to icy conditions on a main accessway of the school campus, during school hours. In that case, the danger was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus . . . [and] the potential for harm from a fall on ice was significant and foreseeable. . . . [The Supreme Court] concluded that governmental immunity was not a defense because a [schoolchild] was one of a class of foreseeable victims to whom the superintendent owed a duty of protection in relation to the maintenance and safety of the school grounds. . . ." (Citations omitted; internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 109. Critical to the Court's conclusion was the fact that "the danger was limited to the duration of the temporary . . . condition . . . [and that] the potential for harm . . . was significant and foreseeable." Id., 110, citing Burns v. Board ofEducation, supra, 228 Conn. 650.
"In Evon, the plaintiff's decedent filed an action against the city of Waterbury and its officers claiming that they had been negligent in failing reasonably to inspect and enforce statutes concerning the maintenance of a multifamily rental unit that the decedent was occupying when it was destroyed by fire. . . . [The Court] concluded that the imminent harm exception for discretionary acts did not apply under those facts because [t]he risk of fire implicates a wide range of factors that can occur, if at all, at some unspecified time in the future. . . . [The Evon Court] also stated that [t]he class of possible victims of an unspecified fire that may occur at some unspecified time in the future is by no means a group of identifiable persons." (Citation omitted; internal quotation marks omitted.) Purzycki v. Fairfield, supra, 244 Conn. 109.
The facts of Purzycki, according to the Supreme Court, was more analogous to Burns than it was to Evon. Purzycki v.Fairfield, supra, 244 Conn. 110. The Purzycki court stated: "the present case involves a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess. Also, it involves a temporary condition, in that the principal testified that every other aspect of the lunch period involved supervision. Finally, CT Page 4952 the risk of harm was significant and foreseeable, as shown by the principal's testimony `that if elementary schoolchildren are not supervised, they tend to run and engage in horseplay that often results in injuries."' Id.
In sum, the test for the imminent harm exception is whether there was "a foreseeably dangerous condition that was limited in duration and geographical scope." Purzycki v. Fairfield, supra,244 Conn. 110.
In the present case, and viewing the facts in a light most favorable to the plaintiffs, the duration of the danger was limited to the period of time that Garavito was on school grounds. This limited duration is not unlike the icy patch in Burns. See generally, Burns v. Board of Education, supra,228 Conn. 640.
The geographical scope of the danger in Purzycki was an unsupervised hallway. Purzycki v. Fairfield, supra,244 Conn. 104. In the present case, the plaintiff Brown submits an affidavit which states that her class was left unattended in the school library, where Garavito met Brown. The danger, therefore, could be said to have been limited to the library which is a sufficiently limited geographical area to satisfy the imminent harm exception. At the very least, though, this is a material issue of fact.
The defendants argue that Burns is not analogous to the present case because the plaintiffs' injury occurred off school grounds. The court is not convinced that this is at all dispositive to the imminent harm analysis. It is true that the injury in Burns occurred on school property. Burns v. Board ofEducation, supra, 228 Conn. 642. The Burns court did not, however, focus on the location of the actual injury. Rather the court was concerned with the "threat of injury," or "potential
harm." Id., 646. Emphasis added. Here, the threat of injury could easily be said to have existed in the library.
These factors alone are enough to deny the motion for summary judgment regarding the municipal employees. However, the defendants also have failed to submit evidence which would indicate that the conduct of which the plaintiff complains did not create a foreseeably dangerous condition. "[T]he burden of showing the nonexistence of any material fact is on the party seeking summary judgment . . . The test is whether a party would CT Page 4953 be entitled to a directed verdict on the same facts." PeerlessInsurance Company v. Tucciarone, 48 Conn. App. 160, 164, ___ A.2d ___(1998). Simply stated, the defendants have not met their burden regarding the municipal employees. The motion for summary judgment regarding counts one and two, therefore, is denied.[3]
Counts three and four are directed towards the town of Greenwich. Count three sounds in negligence. The plaintiffs, in count three, reallege and base their cause of action on the same facts as found in count one. "[The] general rule developed in our case law is that a municipality is immune from liability for negligence unless the legislature has enacted a statute abrogating that immunity." Williams v. City of New Haven,243 Conn. 763, 766-67, A.2d (1998).
Count three of the plaintiffs' complaint sounds only in common law negligence. The plaintiffs have not attempted to abrogate immunity by pleading a statutory violation. Therefore, as a matter of law, the motion for summary judgment regarding count three of the complaint is granted.[4]
Count four sounds in indemnification of the municipal employees pursuant to General Statutes § 7-465. "General Statutes § 7-465 makes municipalities liable for certain damages caused by their employees to third parties in the course of their duties as employees." Pratt v. Old Saybrook,225 Conn. 177, 185 n. 4, 621 A.2d 1322 (1993). General Statutes § 7-465
states that "[g]overnmental immunity shall not be a defense in any action brought under this section."
In the present case, as long as the municipal defendants are exposed to liability, the town is potentially liable for indemnification pursuant to General Statutes § 7-465. As a matter of law, therefore, the motion for summary judgment regarding count four of the complaint must fail, and is denied.
So Ordered.
D'ANDREA, J.