[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
This is a civil action brought on behalf of a minor child, Nicole Spina (hereafter "plaintiff" or "Spina"), against the City of New Haven and three of its employees (hereafter "defendants" or "City"). It is alleged that on November 28, 1995, when Spina was a second grade student at the Nathan Hale School, located at 480 Townsend Avenue, New Haven, Connecticut, she sustained personal injury when she ran into a spigot protruding from the school building during recess. The City has moved for summary judgment on its defense of governmental immunity.
During an oral argument of this motion on June 28, 2000, the plaintiff conceded that the acts of negligence alleged in her complaint are discretionary acts within the doctrine of governmental immunity. Further, the parties agreed that the legal issue before the court was whether the "identifiable victim/imminent harm" exception to the doctrine of governmental immunity applies in this case. Finally, the defendants conceded that under the analysis of Purzycki v. Fairfield, 244 Conn. 101,108-09, 708 A.2d 937 (1998), and Burns v. Board of Education,228 Conn. 640, 646-49, 638 A.2d 1 (1994), the plaintiff, a school child injured while attending school during school hours and on a school day, fell within an identifiable class of victims. Thus, the sole issue that remained for the court's determination was whether imminent harm existed under the circumstances.
Generally, the question of the existence of imminent harm is a factual one left to the trier of fact. Purzycki v. Fairfield, supra, 244 Conn. 105. The state of the record at the time of the June 28th oral argument underscored the wisdom of this principle, as the court felt the record inadequate to determine this issue. The parties agreed, however, to stipulate to relevant facts and they have submitted a Stipulation of Facts, with attached photographs, (Court Exhibit 1), and have agreed that the court can decide the issue of whether the City is entitled to summary judgment solely on the stipulation. However, since this is a motion for summary judgment, the court is required to view the stipulated evidence in the light most favorable to the nonmoving party — here, the plaintiff. "The test is whether a party would be entitled to a directed verdict on the same facts." (Internal quotation marks omitted; citation CT Page 8082 omitted.) Sherwood v. Danbury Hospital, 252 Conn. 193, 201, 746 A.2d 730
(2000).
In both Burns v. Board of Education, supra, 228 Conn. 640, and Purzyckiv. Fairfield, supra, 244 Conn. 101, the Supreme Court has recognized and articulated a duty to protect school children during school hours "from dangers that may reasonably be anticipated." Burns v. Board ofEducation, supra, 228 Conn. 649. Distinguishing the case of Evon v. Andrews, 211 Conn. 501, 508, 559 A.2d 1131 (1989), where the danger, the risk of fire, "could have occurred at any future time or not at all," theBurns court found the accident before it, a slip and fall on icy conditions on a main accessway of the school campus, "was limited to the duration of the temporary icy condition in this particularly `treacherous' area of the campus." (Emphasis supplied.) Burns v. Board ofEducation, supra, 228 Conn. 650. The court also found that "the potential for harm from a fall on ice was significant and foreseeable." Id.
In Purzycki, the court found that the accident before it, where the plaintiff was tripped by another student in an unsupervised school hallway, involved "a limited time period and limited geographical area, namely, the one-half hour interval when second grade students were dismissed from the lunchroom to traverse an unsupervised hallway on their way to recess." Purzycki v. Fairfield, supra, 244 Conn. 110. The court also found that the potential that unsupervised children will engage in activities that will result in injury was significant and foreseeable.Id.
After Purzycki, the test for imminent harm appears to be "a foreseeably dangerous condition that was limited in duration and geographical scope."Id. Applying that test to the facts of this case, as stipulated, the court concludes that the City is not entitled to summary judgment on the issue of imminent harm as a matter of law.
First, the court must define the dangerous condition at issue in this case. The parties agree that Spina, who was seven years old at the time, injured herself while playing "hide-and-go-seek/tag" when she began to run to avoid being tagged and was cut just below the left eye by a spigot that protruded several inches from the school building. (Stipulation ¶¶ 7, 13, attached photographs.) The spigot is on a wall of the school building within an enclosed area designated for use during outdoor recess (¶¶ 11, 12, attached photographs). From the photographs provided, the spigot appears to be several feet from the ground, set at a height where a seven year old second grade child could be injured by it; it appears to be in front of some shrubbery or bushes, where it is agreed Spina was hiding during her game; and it also appears to be within running distance of certain play equipment in the play area. The parties agree that CT Page 8083 children using the playground had access to the area where the spigot was located (¶ 10).
The court concludes that the dangerous condition, therefore, was not simply a spigot attached to the school building. Rather, this spigot was located in an area that was particularly treacherous due to its height on the wall, its location in an enclosed area designated for outdoor recess and its proximity to play equipment. The location of the spigot created a foreseeably dangerous condition for a second grader required to play in this designated area during outdoor recess. For some of the same reasons, it is clear that this dangerous condition was limited in geographical scope. It was present only in this portion of an enclosed play area designated for outdoor recess.
Further, the court concludes that this particular foreseeable dangerous condition was limited in duration to the time period when Spina and her second grade class engaged in recess in this designated play area. The stipulated facts establish that outdoor recess for second graders was a very limited activity at this school. Recess usually lasted for fifteen minutes, with a maximum of twenty minutes, and there was recess on average twice a week, although it could increase up to three times a week or decrease to zero times a week, depending on the weather. (Stipulation ¶¶ 2, 3). The fact that recess did not have a set time period when it occurred (¶ 4), does not negate the facts that recess was infrequent and of very short duration. For the some of the same reasons, it is possible to conclude that the condition was temporary in that it only existed when children were sent to recess in this designated and enclosed play area. According to the stipulation of facts, this area "was one of the areas designated for use during outdoor recess," (¶ 12).[1]
Finally, the risk of harm, to a second grader playing during recess in this designated play area, of injury caused by running into the spigot was significant and foreseeable. Recess was provided, at least in part, to give the students a break from their academic studies. (Stipulation, ¶ 4). It is reasonably foreseeably that children, especially seven year old second graders, being given "a break from academic studies" might have considerable pent-up energy to dissipate during the limited recess break. The parties agree that during recess, running games such as "tag" were played, as well as climbing games (¶ 5). There is certainly a significant and foreseeable risk that a young child may run into an object during a running game. It is also reasonably foreseeable that the height at which the spigot was set on the building created a significant risk of harm for younger children, such as second graders.
In conclusion, the imminent harm was limited to the fifteen to twenty minute recess period, not more than three times a week and usually less CT Page 8084 often, when the second graders engaged in recess involving running and climbing in this designated enclosed outdoor play area on the school grounds. The defendants here could have reasonably foreseen that a second grader could injure herself on the exposed spigot that was accessible and proximate to the play area and the possibility of this risk of harm was not remote. As a matter of law, the court cannot find that the identifiable victim/imminent harm exception to the doctrine of sovereign immunity applies in this case. Accordingly, the motion for summary judgment is denied.
LINDA K. LAGER, JUDGE