[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This action concerns the plaintiffs' negligence claim against the defendant board of education for personal injuries sustained during a basketball game at the Myrtle H. Stevens School. Presently before the court is the defendants' motion to strike count six of the plaintiffs' complaint on the ground that governmental immunity bars a cause of action for negligence brought directly against a board of education. Although the motion was brought on behalf of all of the defendants, it applies only to the board of education, since the sixth count is addressed only to the board. For the reasons stated below the court denies the motion.
 PROCEDURAL BACKGROUND AND FACTS
The plaintiff, Maria Ficocelli, brought this action individually and as parent and next best friend of her daughter, Alicia Ficocelli, against the defendants, Patricia O'Connor, the principal of the school, Jane DeSimone and Janice D'Amico, teachers, the town of Rocky Hill and the Rocky Hill Board of Education (board). The six count complaint alleges the following facts. On May 9, 1997, the minor plaintiff, Alicia Ficocelli, was attending the fourth grade at the Myrtle H. Stevens School in the town of Rocky Hill. After lunch, she and the other students were escorted from the cafeteria to the playground for recess. Once outside, the students began to play basketball. Shortly thereafter, the ball rolled behind the basketball hoop. As Alicia Ficocelli and another female student ran to retrieve it, Alicia Ficocelli tripped and fell over a line of lunch boxes that had been placed near the edge of the court. She incurred multiple injuries from her fall.
In counts one and two, Alicia Ficocelli alleges negligence against the principal and the teachers, respectively. In counts three and four, Maria Ficocelli alleges negligence against the principal and the teachers, CT Page 1167 respectively, and seeks to recover medical expenses resulting from her daughter's injuries. In count five, the plaintiffs seek indemnification from the town of Rocky Hill for the allegedly negligent acts of its employees pursuant to General Statutes § 7-465. In count six, the plaintiffs allege that the board was negligent in one or more of the following ways: for failing to monitor and/or supervise the students during lunchtime and recess; for failing to monitor and/or supervise the playground during lunchtime and recess; for failing to install or enforce a policy of having the children place their lunch boxes in an area away from the basketball court when it knew or should have known that the lunch boxes left near the court created an unsafe condition and would likely result in injury to the persons playing basketball; for failing to properly inspect the basketball court; and for failing to warn or safeguard Alicia Ficocelli of the hazards of using the basketball court when the lunch boxes were left near the edge of the court. (See Complaint, May 5, 1999, pp. 11-12.)
On August 5, 1999, the defendants filed the present motion to strike count six of the plaintiffs' complaint along with a supporting memorandum of law. Maria Ficocelli timely filed an objection to the motion to strike along with a supporting memorandum of law. The defendants filed a reply memorandum of law to the plaintiff's objection. The court heard oral argument at short calendar on October 16, 2000.
 STANDARD OF REVIEW
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "This includes the facts necessarily implied and fairly provable under the allegations." WestportBank Trust Co. v. Corcoran, Mallin Aresco, 221 Conn. 490, 495,221 A.2d 490 (1992). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United Technologies Corp., supra,240 Conn. 580.
When "it is apparent from the face of the complaint that the municipality was engaging in a governmental function while performing the acts and omissions complained of by the plaintiff, the defendant [is] not required to plead governmental immunity as a special defense and [may] attack the legal sufficiency of the complaint through a motion to strike." Brown v. Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743
CT Page 1168 (1987). "Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law." Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170, 544 A.2d 1185 (1988). "A motion to strike is the proper vehicle for resolving the issues of whether a cause of action is barred by governmental immunity and whether an exception to governmental immunity is sufficiently pleaded." Matthews v. Sklarz, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 582036 (February 25. 1999, Hennessey, J.); see also Heigl v.Board of Education, 218 Conn. 1, 2-3, 587 A.2d 423 (1991); Evon v.Andrews, 211 Conn. 501, 502-04, 559 A.2d 1131 (1989).
 DISCUSSION
The defendants argue that count six of the plaintiffs' complaint fails to state a claim upon which relief may be granted because the board is immune from liability pursuant to the common law. More specifically, they contend that at common law a municipality or municipal corporation enjoys governmental immunity from the negligent performance of a governmental function. The defendants also argue that such immunity can only be statutorily abrogated and count six of the plaintiff's complaint does not rely on any statutory authority. Therefore, the defendants reason that the claim must be based on common law principles. In the alternative, the defendants argue that the board is immune from liability pursuant to General Statutes § 52-557n (a)(2)(B). Furthermore, they argue in their reply memorandum that the identifiable person-imminent harm exception to governmental immunity is only applicable to municipal employees, not municipalities.
In opposition, the plaintiffs contend that citing a specific statute in a pleading is not mandatory and the court should uphold the negligence claim under § 52-557n even though it was not explicitly referenced. The plaintiffs further argue that the facts alleged in the complaint are sufficient to state a claim against the board pursuant to the identifiable person-imminent harm exception.
The defendants' common law arguments rely on a series of assumptions. First, the defendants assume that a board of education enjoys the same immunity that the municipality itself enjoys. "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others." Heigl v. Board of Education, supra,218 Conn. 3-4. In the present action, the board was acting as an agent of the municipality because "[t]he duty to supervise students is performed for the benefit of the municipality."Purzycki v. Fairfield, 244 Conn. 101, 112,708 A.2d 937 (1998). Therefore, governmental immunity is applicable to the conduct of a school board, acting as an agent of a municipality, CT Page 1169 only to the extent it is applicable to a municipal employee. See id.;Burns v. Board of Education, 228 Conn. 640, 638 A.2d 1 (1994); Heigl v.Board of Education, supra, 7-8.[1]
Second, the defendants assume that the common law principles and the statutory provisions concerning governmental immunity afford separate and distinct remedies and rights. In Elliott v. Waterbury, 245 Conn. 385,407-408, 715 A.2d 27 (1998), the Supreme Court "ruled that the scope of governmental immunity is defined in part by § 52-557 (which in part codifies some aspects of the common law on the subject) and in part by common law principles concerning such immunity." Accashian v. City ofDanbury, judicial district of Waterbury, Docket No. 0147728 (January 6, 1999, Hodgson, J.) (23 Conn.L.Reptr. 648). It follows, therefore, that neither the statutory provision nor the common law provides the defendants with any additional immunity that they would not otherwise receive.
Finally, the defendants assume that the court may not consider a claim based on a statute unless that statute provision is cited in the pleadings. The court finds, however, that it is not mandatory to specifically identify the number of the statute relied upon in a pleading. See Hanover Ins. Co. v. Fireman's Fund Ins. Co., 217 Conn. 340,345, 586 A.2d 567 (1991); Rowe v. Godou, 209 Conn. 273, 275, 550 A.2d 1073
(1988). Furthermore, this court must construe the complaint generously and in a manner which tends to sustain its viability. See ATC Partnershipv. Windham, 251 Conn. 597, 603, 741 A.2d 305 (1999), cert. denied,120 S.Ct. 2217, 147 L.Ed.2d 249 (2000). While it is true that the plaintiffs have not specifically cited a statute in count six of their complaint, they have alleged facts sufficient to alert the defendants that they intend to rely on an exception to the doctrine of governmental immunity pursuant to § 52-557n with respect to their negligence claim against the board. The failure to cite a statute number is, therefore, not fatal to their cause of action.
The defendants argue, in the alternative, that the board, even as an agent of the municipality, still enjoys immunity for the public discretionary acts complained of in this case, pursuant to § 52-557n
(a)(2)(B). The plaintiffs do not dispute the characterization of the board's conduct as being a public discretionary act, but argue that the well-recognized identifiable person-imminent harm exception applies to the board's conduct.
Before discussing whether the exception applies in this case, it is necessary for the court to consider whether the board owed the minor plaintiff, Alicia Ficocelli, a duty of care under the circumstances of this case. "The existence of a duty is a question of law. . . .Only if CT Page 1170 such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." Gordon v. Bridgeport Housing Authority, supra, 208 Conn. 171. "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." Burns v.Board of Education, supra, 228 Conn. 647. In Burns, the Supreme Court held that "school children attending public schools during school hours are intended to be the beneficiaries of certain duties of care." Id., 648. In the present case, the plaintiffs allege that Alicia Ficocelli was attending the Myrtle H. Stevens School during school hours at the time she sustained her injuries. Therefore, for purposes of this motion to strike, the plaintiffs have alleged sufficient facts to show the board owed Alicia Ficocelli a duty of care.
Our courts have recognized three exceptions to the rule that municipalities are immune from their discretionary acts: "[f]irst, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . second, where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws . . . and third, where the alleged acts involve malice, wantonness or intent to injure, rather than negligence." (Internal quotation marks omitted.) Purzycki v. Fairfield, supra,244 Conn. 108. of the three exceptions, the only exception relevant to this case is the identifiable person-imminent harm exception.
The defendants argue that, pursuant to § 52-557n (a)(2)(B), the board is entitled to immunity because the statute does not contain an identifiable person-imminent harm exception for discretionary acts. Section 52-557n (a)(2)(B) provides in relevant part: "[e]xcept as otherwise provided by law, a political subdivision of the state shall not be liable for damages to person or property caused by: . . . negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law." Contrary to the defendants' argument, the Appellate Court has held that "[§] 52-557n contains no language evincing a legislative intent to vitiate [the identifiable person-imminent harm] exception to governmental immunity for discretionary acts. In the absence of any such language, we do not construe the statute as barring recovery from a political subdivision where this exception applies." Colon v. New Haven,60 Conn. App. 178, 184, 758 A.2d 900, cert. denied, 255 Conn. 908, ___ A.2d ___; (2000). Accordingly, it is necessary for the court to determine if the facts alleged in the present complaint are sufficient to render the identifiable person-imminent harm exception applicable.
In the identifiable person-imminent harm exception, a municipal agent CT Page 1171 will be held liable in a "tort action in circumstances of perceptible imminent harm to an identifiable person." Burns v. Board of Education, supra, 228 Conn. 646. This exception applies "not only to identifiable individuals but also to narrowly defined identified classes of foreseeable victims." Id. "[S]choolchildren who are statutorily compelled to attend school, during school hours on school days, can be an identifiable class of victims." Purzycki v. Fairfield, supra,244 Conn. 109. The complaint alleges that Alicia Ficocelli, a student at the Myrtle H. Stevens School, was injured on school grounds, during school hours, on a school day. These allegations are sufficient to establish that Alicia Ficocelli was a member of an identifiable class of foreseeable victims.
"[T]he remaining issue for the court to decide is whether the [complaint sufficiently alleges that the plaintiff] was subject to imminent harm on the date and at the time of the alleged accident." (Internal quotation marks omitted.) LaChance v. Waterbury, Superior Court, judicial district of Waterbury, Docket No. 148936 (February 29, 2000, Doherty, J.). Courts have construed imminent harm as a foreseeable dangerous condition that is limited in duration and geographical scope. See Purzycki v. Fairfield, supra, 244 Conn. 110; Burns v. Board ofEducation, supra, 228 Conn. 650. In Purzycki, the Supreme Court held that, under the facts of that case, in which a child was injured in the hallway during an unsupervised thirty minute school recess, the circumstances were sufficiently limited in duration and geographic area, and presented a sufficiently significant and foreseeable risk, to satisfy the imminent harm exception to governmental immunity. Purzycki v.Fairfield, supra, 244 Conn. 110. In Burns, the court held that governmental immunity was not a defense because a schoolchild slipping and falling on a temporary patch of ice during school hours in the main accessway of the school campus was sufficiently foreseeable and limited in duration and geographic area to meet the exception. Burns v. Board ofEducation, supra, 228 Conn. 650.
In the present case, the plaintiffs allege that Alicia Ficocelli was injured during an unsupervised recess when she went to retrieve a basketball and tripped over some lunch boxes that had been stored nearby. The complaint sufficiently alleges that the condition was foreseeable by stating that the board "knew or should have known that if the lunch boxes were left in said area, that it would be unsafe and likely cause injury to students using the basketball court." (Complaint, p. 12, ¶ 46, part d.) Additionally, the plaintiffs have alleged facts to show that the danger was limited in duration and geographic area, namely during recess on or near the basketball court. Furthermore, our Supreme Court, in Purzycki v. Fairfield, supra, 244 Conn. 110, recognized that leaving school children unsupervised can create a foreseeable and CT Page 1172 imminent risk of harm. Therefore, the court finds that the plaintiffs have alleged legally sufficient facts which, if proven, would invoke the identifiable person-imminent harm exception to governmental immunity. Accordingly, the defendants' motion to strike count six of the plaintiffs' complaint is denied.
 CONCLUSION
For the foregoing reasons, the defendants' motion to strike count six of the plaintiffs' complaint is denied. It is so ordered.
BY THE COURT,
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT