[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFFS' MOTION TO REARGUE
The plaintiffs have filed a motion to reargue the court's ruling, dated March 16, 2001, on the defendant Cohen's motion to strike the eighteenth count of the complaint against him. The court denies the motion to reargue, but supplements its decision striking the eighteenth count as follows.
On the issue of the identifiable victim/imminent harm exception to governmental immunity, the court had found that the complaint was insufficient to allow the court to conclude that the minor plaintiffs fell within a narrowly defined class of foreseeable victim because there CT Page 8878 were no allegations in the complaint that the minor plaintiffs, or the child with the elevated blood lead level who resided in the Taftville dwelling in 1994, were under the age of six. In their motion to reargue, the plaintiffs have brought to the court's attention the allegation of paragraph one of the first count that they were born on November 18, 1996, making them less than two years of age when they resided in the Taftville dwelling. Thus, the court was mistaken in its reading of the complaint.
Nonetheless, the court adheres to its original ruling striking the eighteenth count and this ruling should be read in the context of the ruling dated March 16, 2001. The court will now address the imminent harm prong of the exception to governmental immunity, which the court had declined to address in its earlier ruling although it had been briefed and argued by the parties. In addressing this issue, the question is whether the complaint sufficiently alleges that Cohen's alleged failure to act created a situation of imminent harm to the minor plaintiffs.
Imminent harm has been defined as "harm ready to take place within the immediate future." Tryon v. Town of North Branford, 58 Conn. App. 702,712, ___ A.2d ___ (2000). When "danger was limited to the duration of [a] temporary . . . condition . . . [and] the potential for harm . . . was significant and foreseeable," the harm has been considered imminent. Burns v. Board of Education, 228 Conn. 640, 650, 638 A.2d 1 (1994). Put another way, a harm is considered an imminent harm if it is a "foreseeably dangerous condition . . . limited in duration and geographical scope." Purzycki v. Fairfield, 244 Conn. 101, 110,708 A.2d 937 (1998). On the other hand, a risk or condition that "implicates a wide range of factors, that can occur, if at all, at some unspecified time in the future" is not an imminent harm. Evon v. Andrews,211 Conn. 501, 508, 559 A.2d 1131 (1989).
The nature of the imminence of the danger alleged in the eighteenth count more closely resembles the facts of Evon than those of Purzycki orBurns. In Evon, where the plaintiffs' decedents were killed in a fire that destroyed the multifamily rental unit in which they lived, it was alleged that "the city and its officers had been negligent in failing properly to enforce various statutes, regulations and codes concerning the maintenance of rental dwellings," or, as the court put it, that "the defendants had not done enough to prevent the occurrence of a fire." Evonv. Andrews, supra, 211 Conn. 502, 507-08. Similarly, here it is alleged that Cohen, and his predecessor Stirba, had been negligent in undertaking the enforcement of or failing to undertake the enforcement of various statutes and regulations concerning the presence of lead-based paint in residential dwellings. The gravamen of the allegations of the eighteenth count is that Cohen did not do enough to prevent the alleged CT Page 8879 lead-poisoning of the minor plaintiffs. Facts that demonstrate howCohen's failure to act created a foreseeably dangerous condition limited in duration and scope are not alleged.
Accordingly, the court adheres to its original ruling striking the eighteenth count.
 _____________________ LINDA K. LAGER, JUDGE