[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT #174
The plaintiff, Matthew Luce, alleges that the injuries he sustained due to a fall, while playing league softball on a city owned field, were the result of the defendants' negligence. This case has a long history including a reversal on appeal to the Supreme Court of an order granting the defendant's motion for summary judgment on the basis of recreational immunity. The defendants, the city of West Haven and Barbara Barry, the former director of parks and recreation for the city, now move for summary judgment against the plaintiff's entire complaint on the ground that there are no genuine issues of material fact that the plaintiff's claims are barred by the doctrine of governmental immunity.
This court agrees with the defendants that no issue of fact exists as to whether the acts of Barry were discretionary in nature and, thus, provide her with qualified immunity. Mulligan v. Rioux, 229 Conn. 716,727-28, 643 A.2d 1226 (1994). There are, however, exceptions to this cloak of immunity granted to municipal employees. One such exception is that which applies to a foreseeable class of victims. Under this exception, a municipal employee will be held liable in "a tort action in circumstances of likely imminent harm to an identifiable person."Purzycki v. Fairfield, 244 Conn. 101, 108, 708 A.2d 937 (1998) This exception applies "not only to identifiable individuals, but also to narrowly defined identified classes of foreseeable victims." Id. In delineating the scope of a foreseeable class of victims exception to governmental immunity, our courts have considered numerous criteria, including the imminency of any potential harm, the likelihood that harm will result from a failure to act with reasonable care, and the identifiability of the particular victim." Burns v. Board of Education,228 Conn. 640, 647, 638 A.2d 1 (1994).
In the present case, the parties do not appear to dispute the acts of either the defendants or the plaintiff, but rather whether the doctrine of immunity-and any exception-would apply. These matters are best left to a jury to decide. In a motion for summary judgment, issues of fact encompass "not only evidentiary facts in issue but also questions as to CT Page 9341 how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v.Urban Development Commission, 158 Conn. 364, 379, 260 A.2d 596 (1969). For this reason, the defendants' motion for summary judgment is denied.
The court also notes that the case law in this area is in development with expansion or contraction as to those eligible for inclusion in the groups which may recover. Thus, this court's ruling is without prejudice to renewal by defendant should new appellate case law bring significant clarity to these facts,
The Court
By Nadeau, J.