[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #110
This case arises from allegations that the plaintiff Stephen Prescott suffered serious injuries on November 26, 1998 when he fell from the bleachers while attending an athletic event at Ceppa Field in Meriden. In addition to the City of Meriden the plaintiffs have sued the Director of Athletics at Platt, the Director of Parks and Recreation, and the Director of the Department of Education.
The allegations of the complaint claim negligence on the part of the individual defendants and indemnification of those defendants by the City pursuant to Connecticut General Statutes § 7-465.
The defendants have moved for summary judgment based upon their defense of governmental immunity. The plaintiffs concede that the defendants were engaged in a governmental act involving the exercise of discretion. The sole issue in this motion for summary judgment therefore is whether the identifiable person/imminent harm exception to the defense of governmental immunity applies under the facts of this case.
The court must of course, construe the facts most favorably to the plaintiffs. Appleton v. Board of Education, 254 Conn. 205, 209 (2000). The court will therefore accept the for the purpose of this motion as those set forth in the affidavit of Stephen Prescott dated June 20, 2002.
Stephen Prescott is the father of Justin Prescott who was a senior at Platt High School and a member of the varsity football team in 1998. He had been to Ceppa Field to watch his son play football many times prior to November 26, 1998.
On November 26, 1998 Stephen Prescott attended his son's final football game at Ceppa Field against Maloney High School which was the biggest game of the year. It was pouring rain on that day and many other football games had been cancelled. CT Page 12119
Platt was the visiting team and the bleachers on Platt's side of the field were moveable ones. When Stephen Prescott arrived the seats were wet and muddy from the rain and people climbing on them. There was no stairway nor non-skid material on the bleachers, nor were there hand rails. The only way up and down the bleachers was to step on the seats.
Stephen Prescott was seated on the top step and toward the end of the game, while descending, he fell on the wet, muddy, fiberglass surface resulting in his injuries.
There appears to be no question that the bleachers involved were open to use by any member of the general public who chose to attend the football game at Ceppa Field.
The plaintiff, Stephen Prescott, alleges that his fall and resulting injuries was due to the negligence of the individual defendants in a number of ways.
Essentially, the plaintiffs claim that they allowed the bleachers to be used in a heavy rain, compromising the safety of the spectators when they should have postponed the game thereby allowing the bleachers to become muddy, wet and slippery. The plaintiffs allege that they permitted the bleachers to be used without a non-skid surface and without handrails. They also allege that the individual defendants were negligent in not inspecting the bleachers so as to remedy the above conditions.
The plaintiff Stephen Prescott claims that his action is not barred by the doctrine of governmental immunity since, as a patron at the football game, utilizing the bleachers, he comes within the exception to governmental immunity as a member of a class of foreseeable victims subject to imminent harm. This exception to the defense of governmental immunity applies not only to identifiable individuals but also to narrowly defined identifiable classes of foreseeable victims. See Sestitov. Groton, 178 Conn. 520, 527-28 (1979).
In order for the individual defendants to owe a duty of care to the plaintiff, Stephen Prescott, an essential element of negligence, he must be within an identifiable class of persons subject to imminent harm. SeeBurns v. Board of Education, 228 Conn. 640, 646 (1994). The existence of a duty of care is a question for the court to decide. Shore v.Stonington, 187 Conn. 147, 151 (1979).
It may well be that it is a question of fact for the trier to decide as to whether conditions are such that the threat of imminent harm exists. CT Page 12120 See Purzycki v. Fairfield, 244 Conn. 101 (1998). However, whether the plaintiff comes within a class of identifiable persons is a question for the court absent unresolved factual issues. Purzycki v. Fairfield, supra, 244 Conn. 108.
In Burns v. Board of Education, supra, the Supreme Court of Connecticut held that school children who are statutorily compelled to attend school, during school hours on school days can be an identifiable class of victims.
In Tyron v. North Branford, 58 Conn. App. 702 (2000) the plaintiff firefighter who was bitten by a dog owned by a fellow firefighter was within an identifiable class of people as she was not a member of the general public attending a parade but rather a firefighter in uniform in the staging area a block from the parade. The Appellate Court did not reach the question of whether a member of the general public attending the parade would be within an identifiable group of individuals.
In this case, the plaintiff Stephen Prescott was a member of the general public attending a football game, open to the public, in which his son was participating. The plaintiffs have cited no appellate or trial court decisions which have extended the concept of a class of identifiable persons as far as they argue that it should be so extended.
At what point does the exception become the rule? The injured plaintiff in this case was a member of the general public who decided to attend a public function as might any other member of the public. He was exposed to conditions no different than anyone else who attended the football game and utilized the bleachers that he claims caused his injuries.
It is the opinion of the court that the individual defendants did not owe a duty to Stephen Prescott as he was not within an identifiable class of persons subject to imminent harm. Since the City of Meriden's liability is based upon that of its individual employees under § 7-465
the plaintiffs' action against it must also fail.
The motion for summary judgment is therefore granted as to all defendants.
By the Court,
 ___________________ Bruce W. Thompson, Judge
CT Page 12121