[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The facts in this case are not in dispute. The plaintiff, Victor Rodriguez, was a 17 year old student on September 22, 1993, when he was assaulted in a hallway of Central High School in Bridgeport, Connecticut. The assault occurred at about 12:30 p.m. The plaintiff testified he was struck from behind by one Eddie Velez, thrown against the lockers and then thrown to the ground where Velez continued to kick him resulting in the fracture of his right patella. The plaintiff testified that there were no security guards in the hallway at the time of the assault but they were summoned by teachers who broke up the fight. The plaintiff further testified that fights were a daily occurrence at Central High School and that he was aware of Velez's reputation as a bully in the school who was involved in repeated violent behavior.
Special Police Officer Jimmy Colon also testified that he was the only police official assigned to Central High School on September 22, 1993, but he was assisted by four security guards hired by the Board of Education. He estimated the student population at slightly over 2000 at that time. He testified to lots of fights on the school premises occurring on a daily basis. He was familiar with Eddie Velez, the plaintiff's attacker, who he described as a major bully who was involved in earlier fights and who had been previously suspended for violent behavior.
The plaintiff's final witness was a Miss Dickens who was the Assistant Principal at Central in 1993. She added little to the case, but did indicate that the Board of Education attempted to maintain safe schools and that as of now the security staff has been increased to six.
The plaintiff offered no expert testimony as to the number of security officers it would require to make the premises safe or even if additional security forces could guarantee safety and the absence of fights.
As a result of the assault, the plaintiff suffered numerous bruises and CT Page 12141 contusions as well as the injury to the kneecap. He continues to be in pain at times. His medical expenses totaled $3,626.07.
On November 3, 1993, the plaintiff's mother, Maria Rodriguez, sent a letter to the Bridgeport City Clerk's office which was received on November 10, 1993, (plaintiff's exhibit 2) describing generally the assault on her son, the fact that she has medical bills for his treatment and asking how these bills will be paid. She enclosed a copy of the police report prepared by Jimmy Colon as to the incident.
The complaint in the case is in two counts. The First Count is in common law negligence where the plaintiff claims negligence against the two defendants in the case, the City of Bridgeport and its Board of Education. The Second Count, on behalf of Maria Rodriguez wherein she is seeking reimbursement for medical expenses incurred on behalf of the plaintiff, re-alleges all of the paragraphs of the First Count.
Nowhere in the complaint is any individual named either on behalf of the City of Bridgeport or its Board of Education. Further, no reference is made to any statute upon which the plaintiffs are proceeding. Paragraph 11 of both counts does allege that a notice was given to the City of Bridgeport, but no reference is made to any statute requiring some specific notice.
In his allegations of negligence, the plaintiff claims the defendants (1) failed to properly supervise the students at Central High; (2) failed to provide adequate security in light of their knowledge of numerous assaults taking place; and (3) failed to take proper safeguards to ensure that students would not be assaulted. The defendants filed an Answer but no special defenses. Their Answer as to paragraph 11 of the Complaint does deny that notice was provided and attacks the legal sufficiency of the notice.
The pleadings, or more appropriately and accurately, the lack of proper pleadings makes the Court's task in deciding this case more difficult.
It should be noted that throughout the litigation the plaintiffs have relied solely on their claim of common law negligence on the part of the defendants. At no time have they advanced any statute as a basis for the liability of the defendants in this case. To the extent that it is claimed that the notice alleged in the complaint somehow relates to Connecticut General Statute § 7-465, that claim is without merit as7-465 is an indemnification statute and nowhere in the complaint in this case is any "employee" of the defendants cited for negligence or any other conduct which is a prerequisite to recovery under 7-465. CT Page 12142
As has been stated earlier, the defendants never pleaded a Special Defense of Governmental Immunity. However, "[w]hen governmental immunity is fully litigated at trial and evidence material thereto is introduced without objection by the plaintiff, this court has held that the defense need not be raised as a special defense in the pleadings to permits its consideration." Gauvin v. New Haven, 187 Conn. 180, 184 (1982).
The court finds that the defense of governmental immunity has always been urged by the defendants, has been litigated, and it therefore will be considered by this court. The court specifically finds that the responsibility of the defendants in providing safe schools to its students is a discretionary function as opposed to a ministerial function, and therefore the doctrine of governmental immunity is implicated.
To succeed in their claim of liability, therefore, the plaintiffs must be entitled to recover under one of the exceptions to the qualified immunity for discretionary acts. The only exception that is relevant and advanced by the plaintiffs is the exception permitting a tort action in circumstances of perceptible imminent harm to an identifiable person. SeeBurns v. Board of Education, 228 Conn. 640 (1994). The plaintiffs rely heavily on the case of Purzcki v. Town of Fairfield, 244 Conn. 101
(1998), a copy of which they attached to their memorandum.
In Purzcki, an eight year old second grade student was running down an unmonitored hallway when another student tripped him causing the plaintiff to fall head first through a door, sustaining injuries. Under the circumstances of that case, the Supreme Court ruled that the facts did come within that exception in that the case involved a limited time period and limited geographical area, a temporary condition, and that the risk of harm was significant and forseeable.
In concluding that the facts in Purzycki were consistent with the facts in Burns v. Board of Education, supra, our Supreme Court stated: "InBurns, it was critical to our conclusion that governmental immunity was not a defense that `the danger was limited to the duration of the temporary . . . condition. . . .'" In Burns that temporary condition was a temporary icy condition on a main access way to the school campus and in Purzycki, supra, the temporary condition was the one half hour interval when second grade students were dismissed from the lunch room to traverse an unsupervised hallway on their way to lunch. The court inPurzycki concluded: "Thus we follow Burns and, under the facts of the present case, conclude that there was sufficient evidence from which the jury reasonably could have found a foreseeable dangerous condition that CT Page 12143 was limited in duration and geographical scope."
Contrast that fact pattern to the facts in this case. Here the claims of negligence boil down to a lack of adequate security to prevent fights anywhere and at any time on the premises of Central High School, either inside or outside of buildings which protection would be accorded to all 2000 plus students of Central High at all times.
The court cannot conclude that the evidence supports the existence of a foreseeable dangerous condition that was limited in duration and geographical scope. Therefore, the exception has not been proven, and based on the doctrine of governmental immunity, judgment will enter for the defendants.
Even if a higher court disagrees with this court on the matters already determined, this court further concludes that the plaintiffs have failed to establish negligence. Their case simplistically is that fights regularly occur at Central High School, this plaintiff was involved as the victim of a fight, and therefore, he should recover. That would place the defendants in a position of insurers of any damage caused by one student assaulting another.
If there was no police officer and no security guards on duty that day, the plaintiff's case would be infinitely better, but there obviously was a police officer and four security guards on duty. The school system cannot on an inner city school premise protect at every minute all 2000 students from intentional assault. If there were eight security guards on duty that day, would that have necessarily protected that plaintiff? The court thinks not.
The court has no idea how large a security force would be necessary to better protect students from acts of isolated violence, and it cannot guess at that number. The plaintiffs have produced nothing to establish what the proper standard of care is so that a court could evaluate whether the standard has been met or violated. They never even asked Jimmy Colon if he felt that four security guards constituted an adequate security force to control fighting and if not, how many did he feel was necessary. If the court were to determine the issue of negligence, it would find that the plaintiff has failed to establish it and judgment again would be rendered in favor of the defendants.
 ___________________ GORMLEY, J.
CT Page 12144